# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

DEATON ET. AL.,
PLAINTIFFS / APPELLANTS,

v.

CHAPPELL ET. AL.,
DEFENDANTS / APPELLEES.

_____

**On Appeal from the United States District Court for the
Northern District of Alabama, Southern Division,
No.  2:23-cv-00713-RDP**
*Oral Argument Requested*

## APPELLANT'S OPENING BRIEF

Scott Tindle
TINDLE FIRM
3705 Old Shell Rd,
Mobile, AL 36608
scott@tindlefirm.com

*Counsel for Appellants*

**CERTIFICATE OF INTERESTED PERSONS**
**AND CORPORATE DISCLOSURE STATEMENT**

Pursuant to 11th Cir. R. 26.1, Appellant hereby certifies that the following is a complete list of the trial judges, attorneys, persons, associations of persons, firms, partnerships, corporations, and other legal entities that have an interest in the outcome of this particular case on appeal:

Alan D. Blotcky Ph.D. LLC (Defendant)

Armstead, Averie (Counsel for Jessica Kirk Drennan, Amanda Duncan, Kirk.Drennan P.C., and Bay Area Christian Counseling)

Balch & Bingham (Counsel for Marcus Jones)

Bainbridge Mims Rogers & Smith LLP (Counsel for Bay Area Christian Counseling)

Bay Area Christian Counseling (Defendant)

Beeman Law Firm (Counsel for Everett Wess and The Wess Law Firm, P.C.)

Beeman III, Robert L. (Counsel for Everett Wess and The Wess Law Firm, P.C.)

Benton, Centeno & Morris, LLP (Counsel for Compton Wilson, Renee Wilson, Erika Goldman and Southern Maryland Dredging, Inc.)

Blotcky, Alan (Defendant)

Bolvig, C. Peter (Counsel for Alan Blotcky)

Brantley, Clotele (Defendant)

Brantley, Madison (Defendant)

Buck Jr., Thomas Winchester H. (Counsel for Hope for Healing, LLC)

Bullock, Susan W. (Counsel for St. Anne's School of Annapolis Incorporated, Connie Coker and Andrea Weiss)

Caroline O. Taylor P.C. (Defendant)

Carr Allison (Counsel for Jessica Kirk Drennan, Amanda Duncan and Kirk.Drennan P.C.)

Cash, Stan (Counsel for Marcus Jones)

Centeno, Douglas (Counsel for Compton Wilson, Renee Wilson, Erika Goldman and Southern Maryland Dredging, Inc.)

Chappell, Agnes (Defendant)

Clark, Jay (Defendant)

Clark May Price Lawley Duncan & Paul, LLC (Counsel for Deegan Malone)

CPE Clinic LLC (Defendant)

Coker, Connie (Defendant)

Crew, Wendy (Defendant)

Crew Gentle Law P.C. (Defendant)

Crew Law Group (Defendant)

Crittenden, Judith (Defendant)

Dagney Johnson Law Group, LLC (Counsel for Clotele Brantley and Hardy Law Firm)

Dana, John G. (Counsel for Caroline Taylor and Caroline O. Taylor, P.C.)

Davidson, Kim (Defendant)

Deaton, D. (Appellant)

Dominick Feld Hyde, P.C. (Counsel Wendy Crew, Christina Vineyard, Crew Gentle Law P.C., and Crew Law Group)

Drennan, Jessica Kirk (Defendant)

Driver, Joseph H. (Counsel for Jessica Kirk Drennan, Amanda Duncan and Kirk.Drennan P.C.)

Dukes, Carter H. (Counsel for Michael Labellarte and CPE Clinic LLC)

Duncan, Amanda (Defendant)

Elkins, Cameron Wayne (Counsel for Patricia Stephens, Alisha Ruffin May, Madison Brantley and Agnes Chappell)

Fann, Heather (Defendant)

Feldman, Christian C. (Counsel for Michael Labellarte and CPE Clinic LLC)

Felming III, William Mellor Bains (Counsel for Dale Maynard)

Flachsbart, Elizabeth (Counsel for Marcus Jones)

Ford Harrison (Counsel for St. Anne's School of Annapolis Incorporated, Connie Coker and Andrea Weiss)

Gilliland, Scott (Counsel for Kim Davidson and Kim Davidson Law Office, LLC)

G.M.W. (Appellant)

Goldman, Erika (Defendant)

Gordon, Dana & Gilmore, LLC (Counsel for Caroline Taylor and Caroline O. Taylor, P.C.)

Gordon Rees Scully Mansukhani, LLP (Counsel for Defendants, Paige Yarbrough, Deborah Gregory, Laura Montgomery Lee, Judith Crittenden and Crittenden Partners, P.C.)

Gregory, Deborah (Defendant)

Hall Booth Smith P.C. (Counsel for Caroline Taylor, Caroline O. Taylor, P.C. and Alan Blotcky)

Hope for Healing LLC (Defendant)

Huie Fernambucq & Stewart, P.C. (Counsel for Thomas McKnight, Jr., Jay Clark, Gary Lee and Wallace Jordan Ratliff and Brandt, LLC)

Irwin III, P. Anthony (Counsel for Deegan Malone)

J.K.D. (Appellant)

Johnson, Dagney (Counsel for Clotele Brantley and Hardy Law Firm)

Jones, Marcus (Defendant)

Kellner, David (Defendant)

Kim Davidson Law Office LLC (Defendant)

Kirk.Drennan P.C. (Defendant)

Labellarte, Michael (Defendant)

Langrall, Craig (Defendant)

Law Office of Scott Gilliland (Counsel for Kim Davidson and Kim Davidson Law Office, LLC)

Lee, Laura Montgomery (Defendant)

Lee, Gary (Defendant)

L.W.D. (Appellant)

Mackenzie, Robert P. (Counsel for Jessica Kirk Drennan, Amanda Duncan, Kirk.Drennan P.C., and Bay Area Christian Counseling)

Malone, Deegan (Defendant)

Mashburn, Robert Eric (Defendant)

May, Alisha Ruffin (Defendant)

Maynard, Dale (Defendant)

Maynard Nexsen (Counsel for Hope for Healing, LLC)

McAlister, David L. (Counsel for Jessica Kirk Drennan, Amanda Duncan and Kirk.Drennan P.C.)

McKnight Jr., Thomas (Defendant)

Miller, Terri (Defendant)

Moon, Stacy (Counsel for Defendants, Paige Yarbrough, Deborah Gregory, Laura Montgomery Lee, Judith Crittenden and Crittenden Partners, P.C.)

Norman Wood Kendrick & Turner (Counsel for Dale Maynard)

Office of the Attorney General of Alabama (Counsel for Patricia Stephens, Alisha Ruffin May, Madison Brantley and Agnes Chappell)

Paul, Eris Bryan (Counsel for Deegan Malone)

Peake, T. (Appellant)

Proctor, Hon. R. David (Trial Judge)

Ragsdale, Barry A. (Counsel Wendy Crew, Christina Vineyard, Crew Gentle Law P.C., and Crew Law Group)

R.E.D. (Appellant)

Redmond, Wesley (Counsel for St. Anne's School of Annapolis Incorporated, Connie Coker and Andrea Weiss)

Ritcher, Jeremy (Counsel for Defendants, Paige Yarbrough, Deborah Gregory, Laura Montgomery Lee, Judith Crittenden and Crittenden Partners, P.C.)

Rogers, Bruce (Counsel for Heather Fann)

Ronnlund, Robert M. (Counsel for Terri Miller)

Scott Dukes & Geisler, P.C. (Counsel for Michael Labellarte and CPE Clinic LLC)

Scott Sullivan Streetman & Fox, P.C. (Counsel for Terri Miller)

Segers, Jennifer D. (Counsel for Thomas McKnight, Jr., Jay Clark, Gary Lee and Wallace Jordan Ratliff and Brandt, LLC)

Solace Family Counseling LLC (Defendant)

Southern Maryland Dredging Inc. (Defendant)

St. Anne's School of Annapolis Incorporated (Defendant)

Starnes Davis Florie, LLP (Counsel for Jessica Kirk Drennan, Amanda Duncan, Kirk Drennan P.C., and Bay Area Christian Counseling)

Stott & Harrington, P.C. (Counsel for Defendants, Wendy Crew, Christina Vineyard, Crew Gentle Law, P.C., and Crew Law Group)

Stott, Joseph F. (Counsel for Defendants, Wendy Crew, Christina Vineyard, and Crew Gentle Law, P.C., and Crew Law Group)

Stephens, Patricia (Defendant)

Taylor, Caroline (Defendant)

Terenzi, Elizabeth Nicholson (Counsel for Heather Fann)

The Crittenden Firm P.C. (Defendant)

The Hardy Law Firm LLC (Defendant)

The Wess Law Firm P.C. (Defendant)

Tindle Firm, LLC (Counsel for Appellants)

Tindle, Scott L. (Counsel for Appellants)

Vance III, Robert Smith (Counsel Wendy Crew, Christina Vineyard, Crew

Gentle Law P.C., and Crew Law Group)

Vineyard, Christina (Defendant)

Wallace Jordan Ratliff & Brandt LLC (Defendant)

Weiss, Andrea (Defendant)

Wells Jr., Huey Thomas (Counsel for Hope for Healing, LLC)

Wess, Everett (Defendant)

Williams, Carl (Counsel for Caroline Taylor and Caroline O. Taylor, P.C.)

Wilmer & Lee, P.A. (Counsel for David Kellner and Solace Family Counseling LLC)

Wilson, Renee (Defendant)

Wilson, Compton (Defendant)

Wood Jr., Robert V. (Counsel for David Kellner and Solace Family Counseling LLC)

Wyatt, Carolyn (Defendant)

Wyatt, Gary (Defendant)

Yarbrough, Paige (Defendant)

Zwilling, Melisa (Counsel for Jessica Kirk Drennan, Amanda Duncan and Kirk.Drennan P.C.)

Under 11th Cir. R. 26.1-3(b), Appellants state that no publicly traded company or corporation has an interest in the outcome of the case or appeal.

**Corporate Disclosure**. Pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1, 26.1-2, and 26.1-3, Appellants submit this Corporate Disclosure Statement and states as follows:

Appellants are individual persons and have no parent corporation nor stock.

## STATEMENT REGARDING ORAL ARGUMENT

Appellants respectfully request oral argument. This case presents important issues of comity and federalism through the improper application of the *Rooker-Feldman*, *Younger* and *Colorado River* doctrines as well as the domestic relations exception to federal jurisdiction, which as applied deprive the Appellants of any forum to hear some of their claims.  This case also involves many Defendants. Oral argument should be granted in light of the factual complexity and gravity of the issues presented by this appeal.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ................................................ C-1

CORPORATE DISCLOSURE STATEMENT ................................................ C-9

STATEMENT REGARDING ORAL ARGUMENT .......................................... i

TABLE OF CONTENTS................................................................................ ii

TABLE OF AUTHORITIES.......................................................................... iv

JURISDICTIONAL STATEMENT ................................................................ viii

STATEMENT OF THE ISSUES ..................................................................... 1

STATEMENT OF THE CASE ........................................................................ 2

      A.     Statement Of Facts ................................................. 2

      B.     Dismissal as to Abstention Procedural History....................... 6

SUMMARY OF THE ARGUMENT ................................................................ 9

STANDARD OF REVIEW ............................................................................. 12

ARGUMENT ............................................................................................... 14

    I.      The District Court improperly reached beyond the four corners of the complaint and made inferences against Appellants to erroneously conclude that abstention was proper. ................................................14

      A.     As this Court held in *Behr*, the *Rooker-Feldman* doctrine does not apply here because the Complaint requests damages incurred during the state court process from constitutional rights violations. ................................................16

      B.     *Younger* does not apply because the Complaint expressly states Appellants do not seek reversal of state court orders, many of the injuries occurred adjacent to but outside of the state court,

and there is no remedy for these constitutional rights violations apart from a §1983 action. ....................................................25

    C.    *Colorado River* does not apply because the issues in this case, including the Appellants' constitutional rights violations, do not involve the same parties, the same relief or the same issues as in the separate child custody cases in state court. ..............32

    D.    The Domestic Relations exception to federal jurisdiction does not apply because the parties to the federal-court proceeding were not and are not a party to the state-court custodial proceedings. ..........................................................................35

II.    <u>The District Court erred when it refused repleading, which would cure any defects and bars to federal jurisdiction.</u> .....................................42

    A.    Repleading is widely favored and should be permitted. .........42

    B.    It is improper for the court to deny the opportunity to replead when allowed by Fed. R. Civ. P. Rule 15. ..............................44

III.    <u>Even if abstention were to apply to claims for injunctive relief, a stay of only those claims and defendants would be the proper remedy, not dismissal of all claims and defendants.</u> ............................................44

IV.    <u>The District Court dismissed claims pursuant to Rule 12(b)(6) against certain Defendants, who answered the Complaint and did not file for dismissal.</u> .........................................................................45

CONCLUSION .......................................................................................44

CERTIFICATE OF COMPLIANCE ................................................................46

CERTIFICATE OF SERVICE ......................................................................47

# TABLE OF AUTHORITIES

**Cases**                                                          **Pages(s)**

*Alliant Tax Credit 31, Inc v. Murphy,*
    924 F.3d 1134, 1146 (11th Cir. 2019) .................................. 36, 37, 40, 41, 42

*Ambrosia Coal and Const. v. Pages Morales,*
    368 F.3d at 1330 (11th Cir. 2004) ..............................................................33

*Ankenbrandt v. Richards,*
    504 U.S. 689, 703, 112 S. Ct. 2206, 2215, 119 L.Ed.2d 468 (1992). ……….
    …………………………………………………………………….. 36, 38, 41

*Behr v. Campbell,*
    8 F.4th 1206 (11th Cir. 2021) ......................................7, 16, 19, 20, 21 24,

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544, 555-56 (2007) ..........................................................12, 19, 22

*Colorado River Water Conservation Dist. v. United States,*
    424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) ...............................
    ……………………………………………… 2, 7, 10, 14, 16, 25, 26, 32, 33,

*District of Columbia Court of Appeals v. Feldman,*
    460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) ...................................
    ………………………………… 2, 7, 10, 14, 16, 17, 18, 19, 20, 21, 24

*Est. of Bass v. Regions Bank, Inc.,*
    947 F.3d at 1358 (11th Cir. 2020) .................................................................43

*Exxon Mobil Corp. v. Saudi Basic Industries Corp,*
    544 U.S. 280 (2005) ................................................................................ 20

*Federacion de Maestros de P.R. v. Junta deRelaciones del Trabajo de P.R.,*
    410 F.3d 17, 25 (1st Cir. 2005) .................................................................. 17

*Glenn v. Cleveland Brothers, Inc.,*
    No. 3:20-CV-957-ECM-KFP, 2021 WL 7541378, at *4 (M.D. Ala. Dec. 17,
    2021), *report and recommendation adopted,* No. 3:20-CV-957-ECM, 2022

WL 357499 (M.D. Ala. Feb. 7, 2022) ...................................................... 24

*Gold-Fogel v. Fogel,*
16 F.4th 790 at 800-801 (11th Cir. 2021) ..................................................... 32

*Grossman v. Nationsbank, N.A.,*
225 F.3d 1228, 1231 (11th Cir. 2000) ........................................... 12, 19, 22

*Hawaii Housing Authority v. Midkiff,*
467 U.S. 229, 236, 104 S.Ct. 2321, 81 L.Ed.2d 186 (1984) ................. 13, 26

*Ingram v. Hayes,*
866 F.2d 368, 369 (11th Cir. 1988) ........................................... 36, 39, 41

*Jackson-Platts v. Gen. Elec. Capital Corp,*
727 F.3d 1127, 1140 (11th Cir. 2013) ................................................ 12, 33

*Kirby v. Mellenger,*
830 F.2d 176, 179 (11th Cir. 1987) (per curiam) .......................... 37, 41

*Lozman v. City of Riviera Beach, Fla.,*
713 F.3d 1066, 1072–73 (11th Cir. 2013) .................................................... 17

*Marshall v. Marshall,*
547 U.S. 293, 306 (2006) ....................................................................... 38

*McClellan v. Carland,*
217 U.S. 268, 282, 30 S.Ct. 501, 54 L.Ed. 762 (1910) ............................... 25

*McDougald v. Jenson,*
786 F.2d 1465 (11th Cir.1986) ............................................................. 38, 39

*Mizell v. Wells Fargo Bank,*
*N.A.*, No. 22-12119, 2023 WL 355067, at *2 (11th Cir. Jan. 23, 2023)
(unpublished) …………………………….................................................. 23

*New Orleans Public Service, Inc. v. Council of City of New Orleans,*
491 U.S. 350, 373, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989) .............. 13, 25

*Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.,*

673 F.3d 84, 99 (2d Cir. 2012) .................................................... 12

*Nicholson v. Shafe,*
558 F.3d 1266, 1279 (11th Cir. 2009) ……........................................ 17, 20

*Pompey v. Broward Cnty.,*
95 F.3d 1543, 1552 n.12 (11th Cir. 1996) ……............................... 11, 31, 45

*Ray v. Judicial Corrections Services,*
Not Reported in F.Supp.2d (2013) ............................................... 27

*Rockett as next friend of K.R. V. Eighmy,*
71 F.4th 665 (8th Cir. 2023) ..................................................... 16

*Rooker v. Fidelity Trust Co.,*
263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) .........................................
…………………………………… 2, 7, 10, 14, 16, 17, 18, 19, 20, 21, 24

*Rowell v. Oesterle,*
626 F.2d 437 (5th Cir. Unit B 1980) ........................................... 39

*Sprint Commun., Inc. v. Jacobs,*
571 U.S. 69, 73 (2013) ........................................... 12, 25, 26

*St. George v. Pinellas Cty.,*
285 F.3d 1334, 1337 (11th Cir. 2002) ……................................... 12, 19, 22

*Stone v. Wall,*
135 F.3d 1438, 1441 (11th Cir. 1998), *certified question answered,* 734 So.
2d 1038 (Fla. 1999) ………………………………………… 36, 39, 41

*VanderKodde v. Mary Jane M. Elliott, P.C.,*
951 F.3d 397, 402 (6th Cir. 2020) ……................................................ 21

*Younger v. Harris,*
401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) .........................................
…………………………………… 2, 7, 10, 13, 14, 16, 25, 26, 27, 28, 29

**Statutes**

28 U.S.C. § 1331 ...............................................................viii

28 U.S.C. § 1343 ...............................................................viii

18 U.S.C. § 1964................................................................viii

28 U.S.C. § 1295(a)(1) .......................................................viii

28 U.S.C. § 1367................................................................viii

28 U.S.C. §1391(b)(2) and (3) .............................................viii

28 U.S.C. § 1651 (All Writs Act) .............................................6

42 U.S.C. § 1988 .................................................................21

**Other Authorities**

Federal Rules of Civil Procedure Rule 8(a) .............................. 42

Federal Rules of Civil Procedure Rule 10(b) ............................ 42

Federal Rules of Civil Procedure Rule 12(b)(6) .................... 9, 12, 45

Federal Rules of Civil Procedure Rule 15 ......................... 1, 44

## JURISDICTIONAL STATEMENT

Appellants, Plaintiffs from the lower court, appeal from the U.S. District Court for the Northern District of Alabama's September 19, 2023 order abstaining and dismissing the Appellants' complaint without allowing repleading. (doc. 206 and 207) Appellants timely moved to vacate the judgment on October 13, 2023 (doc. 221), which was denied on October 19, 2023. The District Court had jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343, 18 U.S.C. § 1964, U.S.C. § 1367, and 28 U.S.C. §1391(b)(2) and (3). Appellants timely filed their notice of appeal on October 27, 2023. (doc. 226) This Court has jurisdiction under 28 U.S.C. § 1295(a)(1).

1. The District Court misapplied abstention doctrines and reached issues of dismissal in which the District Court had not yet allowed briefing. Ultimately, the District Court's decision to dismiss and abstain wholly ignored Appellants' claims for monetary damages or the fact that certain claims were brought on behalf of minor children. Had the court properly reviewed the claims under the correct standard of review, construed all facts in the light most favorable to the non-moving party without reaching outside the four corners of the complaint, repleading could have cured any defect raised by the District Court. The District Court did not allow the Appellants to replead or fully brief the motions to dismiss and instead entered a dismissal judgment directing appellants not replead although not all Defendants had been served.[1] Did the District Court err in misapplying abstention doctrines to damages claims brought through civil RICO and §1983 claims as well as state law causes of action?

2. Even if the District Court properly abstained as to the one claim the court raised issue with, did the court provide the wrong remedy by dismissing all claims as to all parties, including parties who answered and did not request dismissal?

---

[1] Appellants sought and were granted additional time to serve two remaining Defendants. Appellants had 16 days remaining to serve two Defendants at the time the District Court dismissed Appellants' claims and found repleading would be futile. Pursuant to Federal Rules of Civil Procedure Rule 15. Appellants had a right to amend their Complaint 21 days after all Defendants had been served.

## A. <u>Statement of Facts</u>

The District Court abstained by misapplying *the Rooker-Feldman*, *Younger* and *Colorado River* abstention doctrines as well as the Domestic Relations exception to federal jurisdiction ordering dismissal of Appellants' claims without permitting any repleading.

Appellants T. Peake and D. Deaton are parents in Birmingham, AL, who have sought to protect their children. Appellants are previously divorced and have minor children from previous marriages.

Appellants experienced significant breaches of their constitutional rights and brought claims pursuant to §1983, civil RICO and related state law claims seeking monetary relief.

None of the Appellees are parties to a case requesting the relief sought here. The state court custody cases were pending on appeal or mid-trial at the time the Complaint was filed. Presently, both state court custody cases are pending on appeal.

Appellants allege that Jefferson County Domestic Relations Court has an established and pervasive culture of corruption that has metastasized to certain judges, court appointees, attorneys, and "professionals" acting at their direction to extort, defraud, tortiously injure, and deprive citizens of their constitutional rights for ill-gotten monetary gains.

Caroline Taylor, a non-attorney, parenting coordinator to one of the Appellants, was given the ability to make court orders and further paid for her testimony at the custodial trial.

Everett Wess, a *guardian ad litem* for one of the Appellants, agreed to remove himself from the state court matters if approximately $40,000 in additional fees were paid with no questions asked and without the ability for the Appellants to question his actions to higher courts.

Clotele Brantley, a *guardian ad litem* for three of the Appellants, engaged in an out-of-state Department of Social Services investigation while coordinating with an Alabama attorney regarding what she was to say, what information she received and further threated an Alabama counselor with legal action if she did not refuse to see some of the Appellant minor children. She further engaged multiple known and unknown parties to share confidential health records and information for the minor children, in which she refused to disclose to their Father or his counsel.

Over the last decade, multiple Jefferson County judges have been suspended or removed from the bench, who have all been led by the same presiding judge, Judge Patricia Stephens. Judge Patricia Stephens violated Appellants' constitutional rights inside and outside of the litigation process. By way of example but not exclusion: (1) Judge Patricia Stephens ordered legally obtained evidence to be destroyed in multiple states. Additionally, she ordered attorneys outside of her

jurisdiction to destroy evidence obtained out-of-state. Judge Patricia Stephens did not give full faith and credit to multiple out-of-state circuit courts. Instead, she allowed her court appointee to insert herself in an emergency investigation with the Department of Social Services in a different state and plainly refused to clarify the role of her *guardian ad litem* in an court order, (2) Judge Patricia Stephens demanded that $18,350 be paid as an additional interim payment to the *guardian ad litem* in one business day for the trial to continue or face jail time if the parties could not or did not pay <u>without</u> allowing an evidentiary hearing on the *guardian ad litem*'s fees, (3) Judge Patricia Stephens independently investigated evidence involving and including the parties that had not been subpoenaed by either party or submitted as evidence and refused to make the evidence she reviewed part of the record of the case for appeal, and (4) Judge Patricia Stephens recused from Appellant T. Peake's custodial case and continued making findings and rulings regarding Appellants' T. Peake and minor child G.M.W. after recusing.

Domestic relations attorneys, who are frequently before the Jefferson County Domestic Relations Court, were investigated by the FBI and one attorney who was employed at Defendant Crittenden Partners was charged and indicted for stealing funds from the Birmingham Volunteer Lawyers Program.

Appellees have engaged in a pattern of predatory, self-enriching behavior that predates the series of events complained of herein and has been protected through

conspiratorial self-insulation. Prior to the Appellants' exposure to the scheme, previous litigants in Jefferson County established a family law advocacy organization in January 2018 in response to the exploitation of this enterprise and a local business owner dedicated his website to attempting to expose the illegal activity directly affecting minor children in Jefferson County.

The judges, court appointees, and professionals working at the direction of the court appointees are engaged in a scheme spanning multiple years to destroy evidence, threaten litigants, deprive the Appellants of their constitutional rights and property, manipulate and provide false statements in multiple tribunals and to multiple state regulatory agencies, while always seeking to further litigation and fees.

Multiple courts in two states, not engaged in this racketeering, ordered emergency relief in favor of the Appellants. This same relief was overturned by the "Enterprise" when appointees working on her behalf interfered in emergency out-of-state cases, including to making false representations to Maryland's Department of Social Services outside of the state's jurisdiction.

Few litigants can withstand the physical, emotional, and financial harm caused by the co-conspirators and co-defendants. The Appellants were unknowingly swept up in the ongoing scheme when they independently came before the Court in separate post-divorce custodial cases seeking to protect their children.

Appellants seek damages for the constitutional rights violations caused by the Appellees for the events described in the Complaint.

**B. <u>Dismissal as to Abstention Procedural History</u>**

On June 2, 2023, Appellants' Complaint was filed.

On June 6, 2023, Appellants filed an emergency motion before the District Court requesting relief pursuant to the All Writs Act. (doc. 7)

On June 8, 2023, Appellants' motion was denied without prejudice and was not refiled. (doc. 18)

On June 8, 2023, at the request of the Appellees to the emergency motion, the state court directed that all issues raised in the Complaint would be heard before the District Court and not in any state court as the Appellees are not parties in the state court custody cases. ("It will not be tried in state court at all. Okay." *Deaton v. Deaton* DR-2018-901324.03 Tenth Judicial Circuit Court of Alabama Trial Transcript June 8, 2023 at p. 527 9:10) (doc. 221)

The District Court directed that after all Appellees were served, the District Court would enter a briefing schedule for the Motions to Dismiss:

> This case involves over fifty Defendants, many of whom have not yet appeared or been served. Therefore, the court will not enter a briefing schedule on these motions until all Defendants have appeared and responded to the complaint. And, at that time, the court will work with the parties to identify an efficient procedure for addressing pending motions that will preserve each party's rights and will protect against any undue burden. (doc. 62 p. 2 at 5)

The District Court entered a show cause order requiring Appellants to brief the *Rooker-Feldman*, the *Younger*, and the *Colorado River* abstention doctrines as well as the child-custody exception to federal jurisdiction on August 24, 2023. (doc 183).

Appellants filed a timely response to the Court's show cause order on September 6, 2023. (doc. 193) In their response, Appellants argued these didn't apply because: (1) As this Court held in *Behr*, *the Rooker-Feldman* doctrine does not apply here because the Complaint requests damages incurred during the state court process from constitutional rights violations. (2) *Younger* does not apply because the Complaint expressly states Appellants do not seek reversal of state court orders, many of the injuries occurred adjacent to but outside of the state court, and there is no remedy for these constitutional rights violations apart from a §1983 action. (3) *Colorado River* does not apply because the issues in this case, including the Appellants' constitutional rights violations, do not involve the same parties, the same relief or the same issues as in the separate child custody cases in state court. (4) The Domestic Relations exception to federal jurisdiction does not apply because the parties to the federal-court proceeding were not and are not a party to the state-court custodial proceedings.

Appellants sought leave to serve the remaining two Defendants, and leave was granted by the District Court on September 5, 2023. (doc. 191)

On September 19, 2023, the District Court entered a judgment dismissing all of Appellants' claims (doc. 207), granting certain motions to dismiss (doc. 45, 49, 50, 51, 57, 79, 84, 105, 120, 125, 137, 138, 139, 148, 155, 158, 160, 161, 162, 166, 167, 169, 174, 177, 181, 188, 189, 192 and 195) but applying it to all Defendants— even those who answered the Complaint and did not move to dismiss the Complaint.

At the time the abstention and dismissal order was entered, Appellants had 16 days to serve the remaining Defendants during which time the Complaint could have been amended pursuant Fed. R. Civ. P. Rule 15.

The District Court's memorandum opinion finds, in part, that repleading the Complaint would be futile. (doc. 206) Pursuant to the District Court's September 5, 2023 Order, Appellants had (16) days remaining at the time of dismissal to serve the Complaint on the two remaining Defendants and a right to amend for an additional (21) days. (doc. 191)

Appellants moved the District Court to vacate its Order dismissing Appellants' claims as to abstention. (doc. 221)

The District Court's denied Appellants' motion to vacate judgment. Appellants moved to vacate the dismissal for abstention arguing the District Court wrongfully applied abstention doctrines and requested Appellants be allowed to replead to cure any defects and alleviates any bars to federal jurisdiction. (doc. 224)

Appellants timely appealed the District Court's Order. (doc. 226)

## SUMMARY OF THE ARGUMENT

This case is about whether a District Court may grant a motion pursuant to Rule 12(b)(6) prior to all Defendants being served that was never set for a briefing schedule and to further abstain from hearing damages claims that cannot be heard before any other Court by refusing any repleading.

The District Court erroneously abstained and dismissed a case alleging public corruption through civil RICO and §1983 claims as well as state law causes of actions.

The District Court misapplied abstention doctrine to the extent that Appellants are barred from ever bringing some of their claims in any court.

On the merits, the District Court improperly granted some of the Defendants' Rule 12(b)(6) motions and applied it to all Appellees in a conclusory fashion although not all Appellees asked for the case to be dismissed. The District Court directed all parties that the motions to dismiss would be set at a later date (doc. 62) and instead granted the motions to dismiss that were never set or fully briefed. (doc. 207) Some of the Appellees concluded from the judgment that the District Court found the Appellants' claims had no merit although they had never been fully briefed or heard. (doc 223) In the District Court's analysis, the District Court's opinion and related Order reached outside of the four corners of the Complaint to analyze relief

that was not before the District Court at the time of dismissal and further did not draw all reasonable inferences in the light most favorable to the Appellants.[2]

On the remedy, the District Court improperly refused to allow the Appellants the ability to replead. Repleading to remedy the incorporation by reference defect would resolve all the issues raised in the District Court's memorandum opinion regarding repleading. The District Court did not analyze the relief sought in the Complaint for damages in the memorandum opinion. The District Court did not analyze or mention the Appellant minor children as they are not parties to the state court custody litigation.

The District Court dismissed Appellants' claims and refused to allow Appellants to replead their claims by misapplying abstention doctrine— the *Rooker-Feldman*, *Younger,* and the *Colorado River* abstention doctrine as well as the Domestic Relations exception to federal jurisdiction. Appellees in this case are not Defendants in any parallel or similar action where the same relief could be sought in any Court with competing jurisdiction. Appellants' Complaint is primarily a case seeking damages, which is not barred by the Domestic Relations exception to federal jurisdiction, *the Rooker-Feldman*, *Younger* or *Colorado River* abstention doctrines. The District Court remarks that this Court finds: ("[W]hile we have held that federal

---

[2] Appellees acknowledge the District Court must draw all reasonable inferences in the light most favorable to the Plaintiffs as it is well-established case law.

courts may stay actions for damages based on abstention principles, we have not held that those principles support the outright dismissal or remand of damages actions."); *Pompey v. Broward Cnty.*, 95 F.3d 1543, 1552 n.12 (11th Cir. 1996) ("It is doubtful that federal district courts may dismiss claims for damages under abstention principles."). In the matter at hand, the District Court *did* dismiss claims for damages brought as civil RICO and §1983 claims.

STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), "[t]he scope of the review must be limited to the four corners of the complaint." *Saint George v. Pinellas County,* 285 F.3d 1334, 1337 (11th Cir. 2002). A court must accept "all facts set forth in the plaintiff's complaint" as true. *Grossman v. Nationsbank*, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000). A court also must draw all reasonable inferences in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

This Court has explained the standard of review on abstention in *Tokyo Gwinnett, LLC v. Gwinnett County, Georgia*, 940 F.3d 1254, 1266–67 (11th Cir. 2019) as follows:

> This Court reviews a district court's decision to abstain for abuse of discretion. *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004). But, in reviewing an abstention decision, we must be mindful that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 96 S. Ct. 1236, 1244, 47 L.Ed.2d 483 (1976). In fact, "federal courts have a virtually unflagging obligation to exercise their jurisdiction except in those extraordinary circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest." *Deakins v. Monaghan*, 484 U.S. 193, 203, 108 S. Ct. 523, 530, 98 L.Ed.2d 529 (1988) (quotation marks omitted); see also *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72, 134 S. Ct. 584, 588, 187 L.Ed.2d 505 (2013) ("In the main, federal courts are obliged to decide cases within the scope of federal jurisdiction."). Thus, even with the deferential standard of review, "[o]nly the clearest of justifications merits abstention." *Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127, 1140 (11th Cir. 2013) (quotation marks omitted); see also *Niagara Mohawk Power Corp. v.*

*Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 99 (2d Cir. 2012) ("Abuse of discretion is normally a deferential standard, but in the abstention context our review is somewhat rigorous. ... In abstention cases, ... the district court's discretion must be exercised within the narrow and specific limits prescribed by the particular abstention doctrine involved." (quotation marks omitted)). Where the requirements for Younger abstention are not met, "federal courts must normally fulfill their duty to adjudicate federal questions properly brought before them." *Haw. Hous. Auth. v. Midkiff*, 467 U.S. 229, 238, 104 S. Ct. 2321, 2328, 81 L.Ed.2d 186 (1984) (emphasis added); see also *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 358–59, 109 S. Ct. 2506, 2513, 105 L.Ed.2d 298 (1989) (noting "federal courts lack the authority to abstain from the exercise of jurisdiction that has been conferred" except with respect to the "carefully defined" areas in which "abstention is permissible" (quotation marks omitted)).

The District Court improperly dismissed Appellant's complaint under grounds of abstention. The Complaint sought damages pursuant to §1983, civil RICO and related state law claims. The District Court misapplied *the Rooker-Feldman*, *Younger*, *Colorado River* abstention doctrines as well as the Domestic Relations exception to federal jurisdiction and in doing so looked beyond the four corners of the Complaint and incorrectly concluded that repleading would be futile.

Because *the Rooker-Feldman*, *Younger* and *Colorado River* abstention doctrines as well as the Domestic Relations exception to federal jurisdiction does not apply to the damages claims, repleading would cure any defect and bar to federal jurisdiction. The District Court is due to be reversed.

I.    **The District Court improperly reached beyond the four corners of the complaint and made inferences against Appellants to erroneously conclude that abstention was proper.**

The District Court's opinion and related Order reaches outside of the four corners of the Complaint to analyze relief that was not before the Court at the time of dismissal by making negative inferences from an emergency motion the Court dismissed without prejudice that was never refiled. The emergency motion was not

before the District Court at the time the Court granted the Appellees' motions to dismiss, although the motions to dismiss were not fully briefed.[3]

The District Court's opinion and related Order does not appear to analyze the Complaint to accept all factual allegations as true. By way of example but not exclusion, in the Memorandum Opinion, The Court finds that: "Plaintiffs argue that they do not seek a divorce, alimony, or child custody decree in this court. (doc. 193 at 8). But, in reality, what Plaintiffs seek is an order invalidating judicial actions taken by the state courts in underlying (and pending) child custody cases."

Another example in the District Court's memorandum opinion states: "The facts alleged in the Complaint all relate to matters occurring in connection with those state court cases. (*Id.*)" (doc. 206 p. 2). However, the Complaint introduces the Appellees, including their participation in the Enterprise inside and outside of the [state court] litigation process and describes specific acts, including dates and times, occurring outside of the [state court] litigation process throughout the Complaint (doc. 1 p. 25-18, 21-22, 24-25, 165-167, 172 at ¶26, ¶27, ¶28, ¶29, ¶30, ¶31, ¶32, ¶33, ¶34, ¶35, ¶36, ¶47, ¶48, ¶49, ¶56, ¶57, ¶839, ¶846, ¶853 and ¶877)

Appellees in this case are not Appellees in any parallel or similar action where the same relief could be sought in any Court with competing jurisdiction.

---

[3] District Court directed the motions to dismiss would not be set for a briefing schedule until all Appellees were served. The Appellees' motions to dismiss has not been fully briefed at the time the motions were granted.

Recently, the Eighth Circuit found that a state court judge absconding with minor children was properly before the federal district court on the plaintiff's §1983 claims. The minor children in *Rockett as next friend of K.R. V. Eighmy, 71 F.4th 665 (8th Cir. 2023)* were before the state court judge-defendant on a custody case he was hearing. Similar injuries are described in the Plaintiff's Complaint to this action (doc 1 at 265, 266, 149-164, 519-527). In *Rockett as next friend of K.R. V. Eighmy, 71 F.4th 665 (8th Cir. 2023),* the federal district court did not abstain and continued to hear the case on its merits.

Appellants did not invite the District Court to review and reject judgments from state court in the Complaint. The Complaint (doc. 1 p. 178 at 906) under Plaintiff's prayer for relief states "The Plaintiffs do not seek reversal of state court orders." There is no parallel state court case warranting abstention.

As further detailed below, the *Rooker-Feldman*, the *Younger* and the *Colorado River* abstention doctrine as well as the Domestic Relations exception to federal jurisdiction do not apply to the factual allegations in this Complaint.

A.     **As this Court held in *Behr, the Rooker-Feldman* doctrine does not apply here because the Complaint requests damages incurred during the state court process from constitutional rights violations.**

For *Rooker–Feldman* to apply, the state court action must have ended. For *Rooker–Feldman* purposes, this Court has held that an action ends when:

"(1) when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved, (2) if

16

the state action has reached a point where neither party seeks further action, and (3) if the state court proceedings have finally resolved all the federal questions in the litigation, but state law or purely factual questions (whether great or small) remain to be litigated."

*See Nicholson,* 558 F.3d at 1275 (quoting *Federacion de Maestros de P.R. v. Junta deRelaciones del Trabajo de P.R.,* 410 F.3d 17, 25 (1st Cir.2005)) (internal quotations omitted). *Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1072–73 (11th Cir. 2013)

State proceedings have not ended for purposes of *Rooker–Feldman* when an appeal from the state court judgment remains pending at the time the plaintiff commences the federal court action that complains of injuries caused by the state court judgment and invites review and rejection of that judgment. *Nicholson v. Shafe*, 558 F.3d 1266, 1279 (11th Cir. 2009)

The *Rooker–Feldman* doctrine cannot spring into action and vanquish properly invoked subject matter jurisdiction in federal court when state proceedings subsequently end. *Nicholson v. Shafe*, 558 F.3d 1266, 1279 at fn 13 (11th Cir. 2009)

The first prong of this doctrine clearly does not apply to the Complaint. Neither of the Appellants' state court custody cases have received a ruling from the Alabama Supreme Court on the merits. Rather Appellant T. Peake's custody case is currently pending before the Alabama Court of Civil Appeals and has not yet been

submitted on briefs. Appellant D. Deaton's custody case has yet to complete the trial on the merits of the modification action.[4]

The *Rooker–Feldman* analysis here depends on whether there is properly invoked jurisdiction at the time of Appellant's initial federal complaint. *Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1072 at fn. 3 (11th Cir. 2013)

At the time the Complaint was filed, Appellant T. Peake's custody case was pending on appeal and Appellant D. Deaton's custody case had yet to complete the trial on the merits. Therefore, neither of the underlying state court actions have yet to obtain a final ruling from the state's highest court on the merits.

The District Court finds that to the extent the state court custodial cases have concluded on the merits that these claims are barred by *Rooker-Feldman*. Appellants' custodial claims have not concluded and are currently pending on appeal. A final judgment has not issued by the state's highest court in either of the respective custody cases.

Appellants' claims arise from public corruption and RICO activity in Jefferson County amongst related Appellees. These claims have never been before any other court.

This Court carves out constitutional rights violations during the state court processes and relief for violations that occurred during the state court processes as

_____

[4] Appellant D. Deaton's custody case is currently pending on appeal for other issues.

outside the bounds of the *Rooker-Feldman* doctrine in *Behr v. Campbell*, 8 F.4th 1206 (11th Cir. 2021).

The Appellant minor children are not and have never been parties to any state court case seeking the relief sought here.

Appellants' case seeks damages for injuries incurred. The District Court does not address how damages would be barred by *Rooker-Feldman* or any other abstention doctrine. Certain state defendants have agreed for these issues to be heard in the District Court and further directed that they cannot be tried in state court. ("It will not be tried in state court at all. Okay." *Deaton v. Deaton* DR-2018-901324.03 Tenth Judicial Circuit Court of Alabama Trial Transcript June 8, 2023 at p. 527 9:10)

Appellants have not asked the District Court to decide custody or to overturn state court judgments and expressly state they do not seek that relief before this Court. The District Court did not analyze the Complaint on its four corners and accept all facts set forth as true drawing all reasonable inferences in the light most favorable:

> "The scope of the review must be limited to the four corners of the complaint." *St. George v. Pinellas Cty.,* 285 F.3d 1334, 1337 (11th Cir. 2002). A court must accept "all facts set forth in the plaintiff's complaint" as true. *Grossman v. Nationsbank, N.A.,* 225 F.3d 1228, 1231 (11th Cir. 2000). A court also must draw all reasonable inferences in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). (doc. 137 p. at II)

The *Rooker-Feldman* doctrine was limited by the Supreme Court's decision in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005). In *Behr v. Campbell*, 8 F.4th 1206 (11th Cir. 2021), this Court explained the "narrow ground" this doctrine occupies. *Id*. at 1209 (quoting *Exxon Mobil* at 284.) "Only when a losing state court litigant calls on a district court to modify or 'overturn an injurious state-court judgment' should a claim be dismissed under *Rooker-Feldman*; district courts do not lose subject matter jurisdiction over a claim 'simply because a party attempts to litigate in federal court a matter previously litigated in state court.' *Exxon Mobil*, 544 U.S. at 292–93, 125 S.Ct. 1517." *Behr* at 1210.

The holding in *Behr* is inescapable that *Rooker-Feldman* "will almost never apply." *Id*. at 1212. "[*Rooker-Feldman's*] application is narrow and—surprisingly enough—quite simple. It bars only 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' *Exxon Mobil*, 544 U.S. at 284; *see also Nicholson [v. Shafe]*, 558 F.3d [1266,] 1274 ([11th Cir. 2009])." *Id*. *Behr* holds that "relief for violations that happened during the state processes" as opposed to relief requesting "rejection of the state court judgment" falls outside of *Rooker-Feldman*. *Id.* at 1212. So too are "constitutional rights [violations] during the [state-court] proceedings" which may

entitle a federal plaintiff "to damages for those violations… outside *Rooker-Feldman*'s boundaries." *Id*. at 1213.

"Claims that seek only damages for constitutional violations of third parties—not relief from the judgment of the state court—are permitted. *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020) (the court cannot determine whether the plaintiff's injury arises from the state court judgment and is barred by *Rooker-Feldman* "without reference to the plaintiff's request for relief")." *Behr at* 1214.

Because the *Behr* plaintiffs' "claims [did] not ask [for] review and reject[ion of] the state court's child custody judgments… *Rooker-Feldman* does not stand in their way." *Behr at 1214.*

The Court finds that Plaintiffs' relief of:

A. An order declaring that all Defendants' acts or omissions, described herein, violated the First, Fourth, Ninth, and Fourteenth Amendments to the United States Constitution;
B. Compensatory damages against all Defendants jointly and severally in their individual capacity in an amount to be determined at trial;
C. Punitive damages against all Defendants in their individual capacity in an amount to be determined at trial;
D. Reasonable costs and attorneys' fees, including fees in accordance with 42 U.S.C. § 1988 and any other applicable law;
E. Pre- and post-judgment interest as allowed by law;
F. Treble damages against all Defendants in The Enterprise;
G. That all Defendants be disgorged of all ill-gotten gains, including by not limited to, wages, bribes, kickbacks, salaries, fees, and any other monetary or non- monetary gain as a result of The Enterprise;
H. Any other relief this Court deems just and proper. (doc 1 p 178),

…would 'reflect a lack of respect for the state's ability to resolve [the issues] properly before its courts.' (doc. 206 p. 18 para. 1).

This was found despite clear plain language that "The Plaintiffs do not seek reversal of state court orders." (doc 1 at 906).

The District Court's current order serves as a direct challenge to the state court's directive, as the state court has directed that it will not be heard in state court at all.

"The scope of the review must be limited to the four corners of the complaint." *St. George v. Pinellas Cty.,* 285 F.3d 1334, 1337 (11th Cir. 2002). A court must accept "all facts set forth in the plaintiff's complaint" as true. *Grossman v. Nationsbank,* N.A., 225 F.3d 1228, 1231 (11th Cir. 2000). A court also must draw all reasonable inferences in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). (doc. 137 p. at II) The District Court does not mention this standard of review and does not appear to have applied it.[5] The parties have agreed the proper standard of review on a motion to dismiss must be limited to the four corners of the complaint and must draw all reasonable inference in the light most favorable to the plaintiff.

---

[5] The Complaint plainly states: "does not seek reversal of state court" (doc. 1 p. 178 at 906) but does not construe it in the light most favorable or does not permit repleading even though all defendants have not been served.

The District Court must hold all as true and construe in in favor of the Appellants.[6] Appellants' intent and plain language of the Complaint seek damages from The Enterprise for the public corruption that has occurred and continues to occur including outside of the litigation process (doc. 1 p. 25-18, 21-22, 24-25, 165-167, 172 at para. 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 47, 48, 49, 56, 57, 839, 846, 853, 877).

Appellants seek an unbiased and proper Court to hear these damages issues on their merits, and this Complaint was properly before the District Court to be heard on its merits. By allowing Appellants to replead the relief sought, Appellants could exercise their right to amend and clarify to address the District Court's concerns and

---

[6] Defendants Kim Davidson, Kim Davidson Law Offices, Paige Yarbrough, Deborah Gregory, Laura Montgomery Lee, Judith Crittenden, Crittenden Partners, P.C., Heather Fann, Compton Wilson, Renee Wilson, Erika Goldman, Southern Maryland Dredging, Inc, David Kellner, Solace Family Counseling, LLC, Clotele Brantley, and The Hardy Law Firm, LLC agree that the Court must take the four corners of the Complaint (doc. 67 p. 3 at B, doc. 137 p. 2 at II, doc. 138 p. 2 at II, doc. 125 p. 2 at II, doc. 158 p. 6 para 2, doc. 163 p. 8 para. 2, doc. 166 p. 4 at II, and doc. 169 p. 2 at II) and construe in the most favorable light for the Plaintiffs. (doc. 125 p. 2, doc. 137 p. 2 and 138 p. 2) Defendants Patricia Stephens, Alisha Ruffin May, Agnes Chappell, Madison Brantley, Caroline Taylor, Caroline O. Taylor, P.C., Heather Fann, Jessica Drennan, Amanda Duncan, Kirk.Drennan, P.C., Alan Blotcky, David Kellner, Solace Family Counseling, Terri Miller, Clotele Brantley, Hardy Law Firm, LLC, St Anne's School of Annapolis, and Connie Coker acknowledge the Court accepts Plaintiff's factual allegations as true (doc. 58 p. 4 para. 2, doc. 125 p. 2 at II, doc. 137 p. 2 at II, doc 138 p. 2 at II, doc. 149 p. 4 para 2, doc. 156 p. 3 at II, doc. 158 p. 3 para. 2, doc. 160 p. 2 at II, doc. 161 p. 2 para. 3, doc 166 p. 4 at II, doc. 167 p. 4 para. 1, doc. 169 p. 2 at II, doc. 188 p. 9 at B, and doc. 189 p. 8 at B).

ensure Appellants' language is clear that they do not seek to overturn state court orders. Appellants do not seek reversal of state court orders and instead seek damages sought for public corruption and injuries arising from constitutional rights violations, which were properly before the District Court. (doc 1 p. 178 at 906)

Holding in a §1983 action that: "to the extent [p]laintiffs seek monetary damages for alleged violations of their constitutional rights during the state court proceedings, that relief falls outside *Rooker-Feldman*'s boundaries." *Behr*, 8 F.4th at 1213." *Glenn v. Cleveland Brothers, Inc.*, No. 3:20-CV-957-ECM-KFP, 2021 WL 7541378, at *4 (M.D. Ala. Dec. 17, 2021), *report and recommendation adopted,* No. 3:20-CV-957-ECM, 2022 WL 357499 (M.D. Ala. Feb. 7, 2022)

As the District Court quoted, "[t]he injuries about which [Mizell] complains were caused by the underlying foreclosure actions"—not by the state court judgments that upheld those actions. We also note that Mizell didn't invite the district court to review and reject those judgments in his complaint. Instead, he challenged the defendants' power to conduct the nonjudicial foreclosure sales and their entitlement to the proceeds. Therefore, the district court had jurisdiction over Mizell's claims and erred in applying *Rooker–Feldman. Mizell v. Wells Fargo Bank, N.A.*, No. 22-12119, 2023 WL 355067, at *2 (11th Cir. Jan. 23, 2023) (unpublished)

**B.** ***Younger*** **does not apply because the Complaint expressly states Appellants do not seek reversal of state court orders, many of the injuries occurred adjacent to but outside of the state court, and there is no remedy for these constitutional rights violations apart from a §1983 action.**

In the main, federal courts are obliged to decide cases within the scope of federal jurisdiction. Abstention is not in order simply because a pending state-court proceeding involves the same subject matter. *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 373, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989) (NOPSI) ("[T]here is no doctrine that ... pendency of state judicial proceedings excludes the federal courts."). Although exceptions have been recognized, none apply here. *Sprint Communications., Inc. v. Jacobs*, 571 U.S. 69, 72 (2013)

Just as in *Sprint,* "this case presents none of the circumstances the Court has ranked as "exceptional," the general rule governs: "[T]he pendency of an action in [a] state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (quoting *McClellan v. Carland*, 217 U.S. 268, 282, 30 S.Ct. 501, 54 L.Ed. 762 (1910)). *Sprint Commun., Inc. v. Jacobs,* 571 U.S. 69, 73 (2013)." *Id*. at 73. None of the recognized "exceptional" situations in which *Younger* may apply are present here, "state criminal prosecutions," "civil enforcement proceedings," and "civil

proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id*. (quoting NOPSI at 367-368). As the *Sprint* court has instructed, "even in the presence of parallel state proceedings, abstention from the exercise of federal jurisdiction is the "<u>exception, not the rule</u>." *Hawaii Housing Authority v. Midkiff*, 467 U.S. 229, 236, 104 S.Ct. 2321, 81 L.Ed.2d 186 (1984) (quoting *Colorado River*, 424 U.S., at 813, 96 S.Ct. 1236)." *Id*. at 81-82. Accordingly, the District Court's dismissal on abstention grounds is due to be reversed.

Divorced from their quasi-criminal context, the three Middlesex conditions would extend *Younger* to virtually all parallel state and federal proceedings, at least where a party could identify a plausibly important state interest. See Tr. of Oral Arg. 35–36. That result is irreconcilable with our dominant instruction that, even in the presence of parallel state proceedings, abstention from the exercise of federal jurisdiction is the "<u>exception, not the rule</u>." *Hawaii Housing Authority v. Midkiff*, 467 U.S. 229, 236, 104 S.Ct. 2321, 81 L.Ed.2d 186 (1984) (quoting *Colorado River*, 424 U.S., at 813, 96 S.Ct. 1236). In short, to guide other federal courts, we today clarify and affirm that *Younger* extends to the three "exceptional circumstances" identified in NOPSI, but <u>no further</u>. *Sprint Commun., Inc. v. Jacobs*, 571 U.S. 69, 81–82 (2013)

As the District Court held in *Ray v. Judicial Corrections Services,* Not Reported in F.Supp.2d (2013) and also as in this case, none of the Appellees can meet the first *Younger* prong, because the Appellants have not sought the relief pending before the District Court before any other court. Also as in *Ray v. Judicial Corrections Services,* Not Reported in F.Supp.2d (2013), the Complaint in this case, including the relief sought in part for constitutional rights violations, was properly before the District Court.

In this case, the District Court finds the *Younger* abstention doctrine applies, because Plaintiffs ask the Court for "an Order declaring that all Defendants' acts or omissions, described herein, violated the First, Fourth, Ninth, and Fourteenth Amendments to the United States Constitution" (doc. 1 p. 178 at 'A'). The Court interprets this as declaring all actions in the respective state court lawsuits unconstitutional, which is not sought. Plaintiffs expressly state they do not seek reversal of state court actions in the Court and introduce the parties and the injuries that occurred outside of the [state court] litigation process.[7]

Repleading would rectify any confusion raised by the District Court. In their motion to vacate, Appellants requested for the District Court to review the Complaint as true and in the light most favorable and further agreed to remove any

---

[7] (doc. 1 p. 178 at 906, and doc. 1 p. 25-18, 21-22, 24-25, 165-167, 172 at ¶26, ¶27, ¶28, ¶29, ¶30, ¶31, ¶32, ¶33, ¶34, ¶35, ¶36, ¶47, ¶48, ¶49, ¶56, ¶57, ¶839, ¶846, ¶853, ¶877)

language that could lead to the conclusion that the Appellants are seeking to overturn or invalidate state court orders. Accordingly, repleading would cure any jurisdictional concerns of the District Court.

The District Court also finds the *Younger* abstention doctrine applies due to the relief sought in Appellants' emergency motion (doc 7 at 9). The emergency motion was dismissed by the District Court and was never refiled. The relief requested in the emergency motion was not before the District Court at the time of the District Court's dismissal order and related opinion. (doc. 206 and 207) The relief sought in the emergency motion is not sought in the four corners of the Complaint.

The District Court finds for a federal court to abstain in favor of state court proceedings, [all of the] three questions must be answered in the affirmative:

1. first, do [the proceedings] constitute an ongoing state judicial proceeding;

2. second, do the proceedings implicate important state interests;

3. third, is there an adequate opportunity in the state proceedings to raise constitutional challenges.

Appellants believe the first prong does not apply as the Appellees are not parties to any state judicial proceeding seek the same relief for damages sought here, and even the state court directed the issues outlined in the Complaint will not be heard in state court. "It will not be tried in state court at all. Okay." *Deaton v. Deaton* DR-2018-901324.03 Tenth Judicial Circuit Court of Alabama Trial Transcript June

8, 2023 at p. 527 9:10) This state court directive clearly illustrates that the Appellants' claim for custody is materially different from the damages claims before this Court against members of the Enterprise. Further, this public corruption would by design directly prevent any adequate remedy to raise damage claims for injuries occurring from constitutional rights violations before members of the Enterprise.

The District Court's current order serves as a direct challenge to the state court's directive.

Even if the District Court holds the first prong of *Younger* does apply, the third prong cannot apply to Appellants' §1983 claims. The state court cannot hear Appellants' §1983 claims and the state court hearing one of the custody cases has already found that [these damages claims] will not be heard in state court.

The District Court finds Appellants had every opportunity to appeal any decision by the state court and seek extraordinary relief, as appropriate and on an interim basis, but the Appellants are not seeking custody from the District Court or a finding that a custody order should be overturned. The Appellants have never brought these claims for damages before any other court and could not bring the §1983 claims before any other court. Therefore, Appellants have not had an opportunity to appeal the claims sought in the Complaint as they have never been brought against these Appellees in any other court.

The District Court finds Appellants have not proffered any reason why the Alabama state courts are not an adequate forum to litigate the issues raised in this case, other than to point out that in state court they did not succeed on their claims. Appellants' entire Complaint, including the §1983 claims that can only be brought in federal court, describes in detail damages from constitutional rights violations inflicted by the Enterprise's public corruption.

Appellants' complaint points to specific instances of public corruption including dates and times of the incidents. By way of example but not exclusion: (1) Three attorneys provided false statements to Alabama Court of Civil Appeals. (doc 1 pgs. 109-110 at 568-574) (2) Medical providers accepted money for testimony as fact witnesses. (doc 1 p. 67 at 297-299) (3) *guardians ad litem* travel across state lines to visit an adult entertainer or members of the Enterprise to inflate billings (doc 1 p. 63 at 275-280, doc 1 p. 64 at 281-286 and doc 1 p. 54 at 207-213) (4) Defendants direct services under the color of state law to inflate billings (doc 1 p. 53 at 199-206, doc 1 p. 57 at 235-243, doc 1 p. 59 at 244-245, doc 1 p. 68 at 306-310 and doc 1 p. 96 at 491-493) (5) Members of the Enterprise hire a private investigator to obtain video of Plaintiff, minor child, G.M.W. inside of his home to threaten and harass Appellants (doc 1 p. 65 at 287-290, doc 1 p. 59 at 246-247) (6) Parent Coordinator demands access to interview an Appellant's employer to allow regular parenting time (doc. 1 p. 75 at 349-358) (7) The Enterprise worked across state lines to obstruct

a Maryland Department of Social Services investigation (doc. 1 p. 80 at 374-378) (8) One of the Enterprise's medical providers illegally practices in multiple states without a license (doc. 1 p. 96 at 491-509) (9) Federal funds were used by the Enterprise to support this public corruption (doc 1 p. 61 at 259-264)

Since the Complaint has been filed, Appellees in this case have further intervened in state court to attempt to prevent the disclosure of financial records supporting this public corruption scheme. (doc. 217-1)

These violations of Appellants' constitutional rights caused injuries and damages sought in the Complaint. The District Court holds that ("[W]hile we have held that federal courts may stay actions for damages based on abstention principles, we have not held that those principles support the outright dismissal or remand of damages actions."); *Pompey v. Broward Cnty.*, 95 F.3d 1543, 1552 n.12 (11th Cir. 1996) ("It is doubtful that federal district courts may dismiss claims for damages under abstention principles."). However, the District Court does dismiss all claims as to all parties, including parties who had not filed for dismissal and instead answered the Complaint.

Appellants are left without a means to replead the Complaint or pursue their damages claims, including the §1983 claims that cannot be brought before any other Court. The District Court takes issue with Plaintiffs seeking declaratory relief holding that "all Defendants' acts or omissions, described herein" were

unconstitutional, but does not permit repleading, even though not all Defendants were not served, and Plaintiffs had sought and were granted additional time to serve two remaining Defendants at the time of the dismissal. (doc. 191) In their motion to vacate judgment, Appellants agreed to remove any language that could lead to the conclusion that Appellants are seeking to overturn or invalidate state court orders, but the motion was denied.

C. ***Colorado River* does not apply because the issues in this case, including the Appellants' constitutional rights violations, do not involve the same parties, the same relief or the same issues as in the separate child custody cases in state court.**

The Colorado River doctrine can apply only when concurrent state and federal litigation exists, and the federal litigation does not qualify for abstention under any of the three traditional abstention doctrines. *11 Colorado River*, 424 U.S. at 817, 96 S.Ct. 1236. When that's the case, principles of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," may allow a federal court not to perform its otherwise "virtually unflagging obligation ... to exercise the jurisdiction given" it. *Id.* at 817, 96 S.Ct. 1236. The circumstances where this may be appropriate are "considerably ... limited" and "exceptional." *Id.* at 818, 96 S.Ct. 1236. *Gold-Fogel v. Fogel*, 16 F.4th 790 at 800-801 (11th Cir. 2021) Defendants have provided no such exceptional circumstance justifying abstention in this case.

Appellees have not and cannot provide any factor from the *Colorado River* Doctrine that weigh in favor of an exceptional circumstance justifying abstention without attempts to re-write the Complaint, because there are not any cases involving the same parties and the same relief sought here.

A district court may appropriately undertake the *Colorado River* analysis when the "federal and state proceedings involve substantially the same parties and substantially the same issues." *Ambrosia Coal*, 368 F.3d at 1330. The issues in this case, including the Appellants' constitutional rights violations, do not involve the same parties, the same relief or the same issues as in the respective child custody cases in state court. The District Court need not apply the *Colorado River* analysis to the factual allegations of this case. Even if the *Colorado River* analysis were applied here, all of the factors weigh in favor of the Appellants and jurisdiction was properly before the District Court. "If anything, most [of the non-neutral factors] tip in the opposite direction." *Jackson-Platts*, 727 F.3d at 1143.

The District Court finds that the actors and parties in the state court litigation are substantially the same. (doc 206 p. 14 para. 2) None of the defendants are parties in the respective child custody matters. The Appellant minor children are also not parties to the child custody matters. Relevant exceptional circumstances also exist with this public corruption case:

Turning to the relevant factors, the first two factors, (1) the order in which the courts assumed jurisdiction over property, and (2) the relative inconvenience of the fora are not implicated here.

The third factor, (3) the order in which jurisdiction was obtained and the relative progress of the two actions, weighs against abstention. The state court defendant to the emergency motion referenced in the District Court's memorandum opinion has made clear that the relief sought for damages in federal court is separate and apart from the custodial issues and will not be heard in state court. The state court directed that all issues raised in the Complaint would be heard before the District Court and not in any state court as the defendants are not parties in the state court custody cases. ("It will not be tried in state court at all. Okay." *Deaton v. Deaton* DR-2018-901324.03 Tenth Judicial Circuit Court of Alabama Trial Transcript June 8, 2023 at p. 527 9:10) (doc. 221 at p.15 para. 1) The state court has not and could not take jurisdiction of the §1983 claims.

The fourth factor, (4) the desire to avoid piecemeal litigation weighs heavily in favor of Appellants' position. If this Court does not vacate the judgment and this Court holds that Plaintiffs' relief for damages cannot be replead in the District Court, it will create piecemeal litigation across multiple states and a separate §1983 claim that could only be repleaded in the District Court. The claims would then be spread

across multiple states with related defendants in separate actions as to Appellants' claims for damages.

The fifth factor, (5) whether federal law provides the rule of decision weighs in favor of the Appellants' position. Federal law provides the rule of decision on the claims pleaded by Appellants here, and there is no other court that can hear the relief for damages raised in Plaintiffs' §1983 claims.

The sixth and last factor, (6) whether the state court will adequately protect the rights of all parties, weighs strongly against abstention. The District Court finds the state court can adequately protect the rights of all parties but provides no analysis as to how the state court, who is alleged to be part of a public corruption enacting an in-effect debtor's prison, could protect the rights of all parties. Further, the state court with jurisdiction has already refused to hear the issues raised here. ("It will not be tried in state court at all. Okay." *Deaton v. Deaton* DR-2018-901324.03 Tenth Judicial Circuit Court of Alabama Trial Transcript June 8, 2023 at p. 527 9:10) The state court has not and could not take jurisdiction of the §1983 claims.

## D. The Domestic Relations exception to federal jurisdiction does not apply because the parties to the federal-court proceeding were not and are not a party to the state-court custodial proceedings.

Appellees are not parties to any state judicial proceeding seek the same relief for damages sought here, and even the state court has acknowledged the issues outlined in the Complaint will not be heard in state court.

The federal judiciary has traditionally abstained from deciding cases concerning domestic relations." *Ingram v. Hayes*, 866 F.2d 368, 369 (11th Cir. 1988) (per curiam). The doctrine imposes two limits on our power. First, we may not "issue divorce, alimony, and child custody decrees." *Stone*, 135 F.3d at 1440 (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703, 112 S. Ct. 2206, 2215, 119 L.Ed.2d 468 (1992)). Second, "even when subject-matter jurisdiction might be proper," we abstain from exercising jurisdiction when "sufficient grounds" exist. *Id.*

Here, the District Court did not issue a divorce, alimony, or child-custody decree. And Defendants do not cite—and our research does not reveal—a single case when this Court has held that abstention was appropriate when a party to the federal-court proceeding was not a party to the state-court proceeding. *Cf., e.g.*, *id.* at 1441 ("The exception enunciated in *Ingram* is to be read narrowly and does not—at least, ordinarily—include third parties in its scope."). In *Stone*, for example, we held that abstention was inappropriate when a father and his daughter sued the father's ex-sister- and ex-mother-in-law for tortious interference of his custodial rights. *Id.* Those defendants were not parties to the state-court proceeding and "had no legal claim of custody whatsoever." *Id.* Alliant was not a party to the divorce proceedings in the Georgia Superior Court and like the *Stone* plaintiffs, did nothing more than "charge[ ] Defendants with a tort." *See id.* at 1440.

In short, the District Court did not abuse its discretion in exercising diversity jurisdiction. *Cf. Kirby v. Mellenger*, 830 F.2d 176, 179 (11th Cir. 1987) (per curiam) ("The less a case is a 'core' domestic relations case, e.g., one for a divorce or a simple child custody dispute, the less discretion the district court has to refuse to exercise its jurisdiction."). *Alliant Tax Credit 31, Inc v. Murphy*, 924 F.3d 1134, 1146 (11th Cir. 2019)

In this case, the Complaint does not seek a divorce, alimony or child custody decree and does not seek reversal of state court orders.

Appellants did not seek a divorce, alimony, or child custody decree in their Complaint. (doc. 193 at 8). The District Court does not appear to have analyzed the Complaint as true and hold the Complaint in the light most favorable despite to the non-moving party.[8] Instead, the District Court rewrites the Complaint to say: "in

---

[8] Plaintiffs and Defendants Kim Davidson, Kim Davidson Law Offices, Paige Yarbrough, Deborah Gregory, Laura Montgomery Lee, Judith Crittenden, Crittenden Partners, P.C., Heather Fann, Compton Wilson, Renee Wilson, Erika Goldman, Southern Maryland Dredging, Inc, David Kellner, Solace Family Counseling, LLC, Clotele Brantley, and The Hardy Law Firm, LLC agree that the Court must take the four corners of the Complaint (doc. 67 p. 3 at B, doc. 137 p. 2 at II, doc. 138 p. 2 at II, doc. 125 p. 2 at II, doc. 158 p. 6 para 2, doc. 163 p. 8 para. 2, doc. 166 p. 4 at II, and doc. 169 p. 2 at II) and construe in the most favorable light for the Plaintiffs. (doc. 125 p. 2, doc. 137 p. 2 and 138 p. 2) Defendants Patricia Stephens, Alisha Ruffin May, Agnes Chappell, Madison Brantley, Caroline Taylor, Caroline O. Taylor, P.C., Heather Fann, Jessica Drennan, Amanda Duncan, Kirk.Drennan, P.C., Alan Blotcky, David Kellner, Solace Family Counseling, Terri Miller, Clotele Brantley, Hardy Law Firm, LLC, St Anne's School of Annapolis, and Connie Coker acknowledge the Court accepts Plaintiff's factual allegations as true (doc. 58 p. 4 para. 2, doc. 125 p. 2 at II, doc. 137 p. 2 at II, doc 138 p. 2 at II,

reality, what Plaintiffs seek is an order invalidating judicial actions taken by the state courts in underlying (and pending) child custody cases." (doc. 206 p. 16 para. 2) There was no relief pending before the District Court to award custody of the minor children. Appellants are seeking damages for injuries occurred from constitutional rights violations, including for members of the Enterprise to be disgorged from ill-gotten gains. (doc. 1 p. 179 at 'G')

The domestic relations exception to federal district court's jurisdiction arises in diversity cases. *Ankenbrandt v. Richards*, 504 U.S. 689, 700 (1992) (excepting from federal jurisdiction only "divorce, alimony, and child custody decrees"); see *Marshall v. Marshall*, 547 U.S. 293, 306 (2006) ("the Court in *Ankenbrandt* anchored the exception in Congress' original provision for diversity jurisdiction")

This Court has suggested that the domestic relations exception only applies to diversity jurisdiction. *See McDougald v. Jenson,* 786 F.2d 1465 (11th Cir.1986). In *McDougald,* the court held that the district court could not entertain a suit seeking to enforce a child custody order while the order remained modifiable. *McDougald,* 786 F.2d at 1465. In reaching this conclusion, however, the court stated: "The district court correctly concluded that *at least where federal*

---

doc. 149 p. 4 para 2, doc. 156 p. 3 at II, doc. 158 p. 3 para. 2, doc. 160 p. 2 at II, doc. 161 p. 2 para. 3, doc 166 p. 4 at II, doc. 167 p. 4 para. 1, doc. 169 p. 2 at II, doc. 188 p. 9 at B, and doc. 189 p. 8 at B).

*jurisdiction is founded only upon diversity of citizenship,* a federal district court may not entertain this suit...." *McDougald,* 786 F.2d at 1489 (emphasis added). This statement implies that the court will restrict its application of the domestic relations exception to diversity jurisdiction. In addition, a binding Fifth Circuit decision suggests this same limit on the domestic relations exception. *See Rowell v. Oesterle,* 626 F.2d 437 (5th Cir. Unit B 1980). In *Rowell,* the appellant claimed that her counsel ineffectively represented her, causing her to lose custody of her children. The court noted that although domestic relations issues generally belong to the states, <u>this rule does not preclude federal review of constitutional issues merely because those issues arise in a domestic context</u>. *Rowell,* 626 F.2d at 438. Consequently, the court affirmed the district court's exercise of jurisdiction over the appellant's ineffective counsel claim in a federal habeas corpus petition. *See Rowell,* 626 F.2d at 438. *Ingram v. Hayes*, 866 F.2d 368, 370–71 (11th Cir. 1988) A "claim [which] merely requires the district court to consider the constitutionality of the Alabama court's procedures, resolution of this issue does not require the court to delve into the parties' domestic affairs." *Ingram v. Hayes*, 866 F.2d 368, 372 (11th Cir. 1988)

The exception enunciated in *Ingram* is to be read narrowly and does not—at least, ordinarily—include third parties in its scope. *Stone v. Wall*, 135 F.3d 1438, 1441 (11th Cir. 1998), *certified question answered,* 734 So. 2d 1038 (Fla. 1999)

Vincent Murphy and his wife, Marilyn, had earlier divorced in the Superior Court of Fulton County, Georgia. The divorce decree incorporated a settlement agreement between them. As part of the agreement, Marilyn received from Vincent several millions of dollars in cash and commercial paper, stock shares, a mountain cabin, household furnishings, and an apartment complex. These assets are the basis for the fraudulent-transfer action here. When Alliant sought to collect on the Kentucky judgment, it found that Vincent was judgment proof. So, it sued Vincent for a second time. Alliant (but not Alliant 31-A) brought this action against Vincent, Marilyn, Multifamily Housing Developers, L.L.C. ("Multifamily Housing"), and Community Management Services, Inc. ("CMS"),[3] in the District Court for the Northern District of Georgia under the Uniform Fraudulent Transfers Act (the "UFTA"), O.C.G.A. §§ 18-2-70 to 80 (2010), *amended by* the Uniform Voidable Transactions Act (the "UVTA"), O.C.G.A. §§ 18-2-70 to 85 (2015).[4] The UFTA, a quintessential fraudulent-transfer statute, allows creditors to void certain asset transfers made by a debtor with the purpose of immunizing itself from collection. *See* O.C.G.A. § 18-2-77 (2010). Alliant claimed that the Murphys' divorce settlement and Vincent's asset transfers to Defendants were ruses to evade Vincent's creditors and thus sought to void those transfers. The case proceeded to trial, and a jury returned an itemized verdict for Alliant after having found that twenty-three transfers from Vincent to Defendants were fraudulent. The jury also

found that the Murphys were subject to punitive damages but that only Vincent had acted with the "specific intent to cause harm." It awarded $ 1,000,000 in punitive damages against him and $100,000 in punitive damages against Marilyn. *Alliant Tax Credit 31, Inc v. Murphy*, 924 F.3d 1134, 1139 (11th Cir. 2019)

This Court held in *Alliant Tax Credit 31, Inc v. Murphy*, 924 F.3d 1134, 1146 (11th Cir. 2019):

> "The federal judiciary has traditionally abstained from deciding cases concerning domestic relations." *Ingram v. Hayes*, 866 F.2d 368, 369 (11th Cir. 1988) (per curiam). The doctrine imposes two limits on our power. First, we may not "issue divorce, alimony, and child custody decrees." *Stone*, 135 F.3d at 1440 (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703, 112 S. Ct. 2206, 2215, 119 L.Ed.2d 468 (1992)). Second, "even when subject-matter jurisdiction might be proper," we abstain from exercising jurisdiction when "sufficient grounds" exist. *Id.* Here, the District Court did not issue a divorce, alimony, or child-custody decree. And Defendants do not cite—and our research does not reveal—a single case when this Court has held that abstention was appropriate when a party to the federal-court proceeding was not a party to the state-court proceeding. *Cf., e.g., id.* at 1441 ("The exception enunciated in *Ingram* is to be read narrowly and does not—at least, ordinarily—include third parties in its scope."). In *Stone*, for example, we held that abstention was inappropriate when a father and his daughter sued the father's ex-sister- and ex-mother-in-law for tortious interference of his custodial rights. *Id.* Those defendants were not parties to the state-court proceeding and "had no legal claim of custody whatsoever." *Id.* Alliant was not a party to the divorce proceedings in the Georgia Superior Court and like the *Stone* plaintiffs, did nothing more than "charge[ ] Defendants with a tort." *See id.* at 1440. In short, the District Court did not abuse its discretion in exercising diversity jurisdiction. *Cf. Kirby v. Mellenger*, 830 F.2d 176, 179 (11th Cir. 1987) (per curiam) ("The less a case is a 'core' domestic relations case, e.g., one for a divorce or a simple child custody dispute, the less discretion the district court has to refuse to exercise its jurisdiction.").

In this case, Appellants do not seek a divorce, alimony, or child custody decree and does not seek reversal of state court orders. This Court held that there is <u>not</u> a single case where abstention was found to be appropriate when a party to the federal-court proceeding was not a party to the state-court proceeding. See *Alliant Tax Credit 31, Inc v. Murphy*, 924 F.3d 1134, 1146 (11th Cir. 2019) The factual allegations in the Complaint to do not apply to the Domestic Relations exception to federal jurisdiction.

**II.**     **The District Court erred when it refused repleading, which would cure any defects and bars to federal jurisdiction.**

    **A.**     **Repleading is widely favored and should be permitted.**

Repleading to remedy the incorporation by reference defect would resolve all the issues raised in the District Court's memorandum opinion as outlined in doc 206. The District Court's memorandum opinion references Federal Rules of Civil Procedure Rule 8(a) and Rule 10(b) but does not find that the Plaintiffs did not comply with these rules. However, the District Court determined repleading would be futile. It would not.

The District Court finds that the Appellants' Complaint falls into only one of the four categories of shotgun pleadings. (doc. 206 at p. 5 para. 1), which repleading would resolve. The District Court finds this Court strongly encourages repleading. This Court strongly encourages "a district court that receives a shotgun pleading [to]

strike it and instruct counsel to replead the case—even if the other party does not move the court to strike the pleading." *Est. of Bass*, 947 F.3d at 1358.

The District Court finds that the court and Appellees are left without proper notice of the specific facts which support Appellants' claims against each Appellee. Appellees are clearly on notice of the claims that apply to them as their motions to dismiss outline the claims brought against them. By way of example but not exclusion, Appellees clearly show in their pleadings before the District Court that they are on notice of the counts pleaded against them and the basis of those counts.[9] This further demonstrates that repleading would resolve any defects regarding incorporation language in the causes of action to remove any doubts.

---

[9] Jessica Drennan at doc. 160 p. 2 ¶1, Amanda Duncan at doc. 160 p. 2 ¶1, Kirk.Drennan, P.C. doc. 160 p. 2 ¶1, Gary Lee at doc. 49 p. 2 ¶4 and doc. 49 p. 3 ¶6, Jay Clark at doc. 51 p.2 ¶3 ¶4, Thomas McKnight at doc. 50 p. 2 ¶3¶4, Kim Davidson at doc. 66 p. 1 ¶4, doc. 66 p. 2 ¶2, doc. 137 and 138 p.1 ¶2, doc. 210 p. 12 ¶38-43 and doc. 210 p.14 ¶46 Kim Davidson Law Offices, LLC at doc. 66 p. 1 ¶4, doc. 66 p. 2 ¶2, doc. 137 and 138 p.1 ¶2, doc. 210 p. 12 ¶38-43 and doc. 210 p.14 ¶46, Patricia Stephens at (doc. 149, p. 14-17 a¶1-5), Agnes Chappell at (doc. 149, p. 14-17 ¶1-5), Alisha Ruffin May at (doc. 149, p. 14-17 ¶1-5), Madison Brantley at (doc. 149, p. 14-17 ¶1-5), Laura Montgomery Lee at doc. 125 p. 1 ¶2, Paige Yarbrough at doc. 125 p. 1 ¶2, Deborah Gregory at doc. 125 p. 1 ¶2, Judith Crittenden at doc. 125 p. 1 ¶2, Crittenden Partners, P.C. at doc. 125 p. 1 ¶2, Deegan Malone at doc. 120-1 p. 1 ¶1, Caroline Taylor at doc. 156 p. 15 ¶G, doc. 156 p. 16 ¶H, doc. 156 p. 17 ¶I, doc. 156 p. 17 ¶J and doc. 156 p.18 ¶K, Caroline Taylor, P.C. doc. 156 p. 15 ¶G, doc. 156 p. 16 ¶H, doc. 156 p. 17 ¶I, doc. 156 p. 17 ¶J and doc. 156 p.18 ¶K, Alan Blotcky doc. 161 p.2 ¶1, David Kellner at doc. 166 p. 2 ¶1, Solace Family Counseling doc. 166 p. 2 ¶1, Compton Wilson at doc. 163 p. 4-7 ¶12-33), Renee Wilson at doc. 163 p. 4-7 ¶12-33), Erika Goldman at doc. 163 p. 4-7 ¶12-33), Southern Maryland Dredging, Inc at doc. 163 p. 4-7 ¶12-33), Clotele Brantley at doc. 169 p. 1 ¶1and Hardy Law Firm at doc. 169 p. 1 ¶1.

To the extent clarification is needed, Appellants agreed in their motion to vacate judgment to amend their Complaint to replead to maintain the District Court's proper jurisdiction and comply with its guidance. (doc. 221) This would have allowed Appellants access to the District Court to replead the §1983 claims, but the motion was denied. (doc. 224)

In their pursuit of damages for injuries incurred from constitutional rights violations, Appellants agreed to remove any language that could lead to the conclusion that Plaintiffs are seeking to overturn or invalidate state court orders. The plain language of the Complaint already states "The Plaintiffs do not seek reversal of state court orders." Accordingly, repleading would cure any jurisdictional concerns of the District Court.

The District Court's Order is due to be vacated to ensure Plaintiffs' right to amend their Complaint can be exercised, and Plaintiffs have a proper venue to bring their federal claims.

**B.     It is improper for the court to deny the opportunity to replead when allowed by Fed. R. Civ. P. Rule 15.**

Appellants had an additional 37 days to replead their Complaint by right pursuant to the District Court's order granting additional time to serve the two remaining defendants and the Federal Rules of Civil Procedure Rule 15.

**III.    Even if abstention were to apply to claims for injunctive relief, a stay of only those claims and defendants would be the proper remedy, not dismissal of all claims and defendants.**

The Complaint is primarily a case seeking damages, which is not barred by abstention doctrines. The District Court holds that ("[W]hile we have held that federal courts may stay actions for damages based on abstention principles, we have not held that those principles support the outright dismissal or remand of damages actions."); *Pompey v. Broward Cnty.*, 95 F.3d 1543, 1552 n.12 (11th Cir. 1996) ("It is doubtful that federal district courts may dismiss claims for damages under abstention principles.").

In the District Court's memorandum opinion, the District Court did not analyze the relief sought in the Complaint for damages. Further, the District Court did not analyze or mention the Appellant minor children as they are not parties to the state court custody litigation in its findings.

## IV. The District Court dismissed claims pursuant to Rule 12(b)(6) against certain Defendants, who answered the Complaint and did not file for dismissal.

Appellants sought and were granted additional time by the District Court to serve two defendants. At the time of the judgment of dismissal, Appellants had an additional 16 days to serve the two remaining defendants. Further, Appellants had an additional 21 days after all defendants would have been served to amend their Complaint.

## CONCLUSION

For these reasons, the District Court's order dismissing the case and related opinion should be reversed and vacated and remanded to the District Court.

Dated: January 10, 2024

Respectfully submitted,

/s/ Scott L. Tindle
Scott L. Tindle
TINDLE FIRM
3705 Old Shell Rd,
Mobile, AL 36608
scott@tindlefirm.com
*Counsel for Appellants*

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of FED. R. APP. P. 32(a)(7)(B) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f), this document contains 11,406 words.

This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6).

Dated: January 10, 2024                 Respectfully submitted,

                                        /s/ *Scott L. Tindle*
                                        *Counsel for Appellants*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. Counsel for all parties that are registered CM/ECF users and will be served with the foregoing document by the Court's CM/ECF System.

Respectfully submitted,

/s/ *Scott L. Tindle*
*Counsel for Appellants*