**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

D. Deaton, et al.,

*Plaintiffs-Appellants,*

v.

Agnes Chappell, et al.

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Alabama

No. 2:23-cv-00713-RDP

**BRIEF OF APPELLEES KIRK DRENNAN, P.C., JESSICA
KIRK DRENNAN, and AMANDA RUCK DUNCAN**

Joseph H. Driver
Melisa C. Zwilling
David L. McAlister

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35126
Telephone: (205) 822-2006
Facsimile: (205) 822-2057
jdriver@carrallison.com
mzwilling@carrallison.com
dmcalister@carrallison.com

Robert P. MacKenzie, III
Averie Armstead Jones

**OF COUNSEL:**
**STARNES DAVIS FLORIE LLP**
100 Brookwood Place, 7th Floor
Birmingham, Alabama 35209
Telephone: (205) 868-6000
Fax: (205) 868-6099
bmackenzie@starneslaw.com
aarmstead@starneslaw.com

*Attorneys for Kirk Drennan, P.C., Jessica Kirk Drennan, and*

*Amanda Ruck Duncan*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Below is a list of all judges, lawyers, persons, associations, firms, partnerships, or corporations having an interest in the outcome of this appeal:

Alabama Attorney General's Office, Counsel for Hon. Patricia Stephens, Hon. Alisha Ruffin May, and Madison Brantley;

Alan D. Blotcky, PhD, LLC, Defendant;

Bainbridge, Mims, Rogers & Smith, LLP, Law firm and counsel for Heather Fann;

Balch & Bingham, Law firm and counsel for Marus Jones;

Bay Area Christian Counseling, Defendant;

Beeman, Robert L, II, Counsel for Everett Wess and The Wess Law Firm, P.C.;

Beeman Law Firm, Law firm and counsel for Everett Wess and The Wess Law Firm, P.C.;

Benton, Centeno & Morris, LLP, Law firm and counsel for Compton Wilson, Erika Goldman, Renee Wilson, and Southern Maryland Dredging, Inc.;

Blotcky, Alan, Defendant;

Bolvig, C. Peter, Counsel for Alan D. Blotcky, PhD LLC and Alan Blotcky;

Brantley, Clotele, Defendant;

Brantley, Madison, Defendant;

*Deaton v. Chappel*

Bullock, Susan, Counsel for St. Anne's School of Annapolis, Incorporated, Connie

Coker, and Andrea Weiss;

Buck, Thomas W.H., Jr., Counsel for Hope for Healing, LLC;

Caroline O. Taylor, P.C., Defendant;

Carr Allison, Law firm and counsel for Kirk Drennan, P.C., Jessica Kirk Drenna,

and Amanda Ruck Duncan,

Cash, Stanley A, Counsel for Marcus Jones;

Centeno, Douglas J., Counsel for Compton Wilson, Erika Goldman, Renee Wilson,

and Southern Maryland Dredging, Inc.;

Chappell, Hon. Agnes, Defendant;

Clark May Price Lawley Duncan & Paul, LLC, Law firm and counsel for Deegan

Malone;

Clark, Jay, Defendant;

Coker, Connie, Defendant;

CPE Clinic, LLC, Defendant;

Crew Gentle Law. P.C., Defendant;

Crew Law Group, Defendant;

## *Deaton v. Chappel*

Crew, Wendy, Defendant;

Crittenden Partners, P.C., Defendant;

Crittenden, Judith, Defendant;

Dagney Johnson Law Group, Law firm and counsel for Clotele Brantley and The Hardy Law Firm, LLC;

Dana, John G., Counsel for Caroline Taylor and Caroline O. Taylor, P.C.;

Davidson, Kim, Defendant;

Deaton, D., Plaintiff;

Dominick Feld Hyde, P.C., Law firm and counsel for Wendy Crew, Christina Vineyard, Crew Gentle Law PC, and Crew Law Group;

Drennan, Jessica Kirk, Defendant;

Driver, Joseph H., Counsel for Kirk Drennan, P.C., Jessica Kirk Drenna, and Amanda Ruck Duncan;

Dukes, Carter H., Counsel for Michael Labellarte and CPE Clinic, LLC;

Duncan, Amanda, Defendant;

Elkins, Cameron W., Counsel for Hon. Patricia Stephens, Hon. Alisha Ruffin May, and Madison Brantley;

## *Deaton v. Chappel*

Fann, Heather, Defendant;

Feldman, Christian C., Counsel for Michael Labellarte and CPE Clinic, LLC;

Flachsbart, Elizabeth, Counsel for Marcus Jones;

Fleming, W.M. Bains, III, Counsel for Dale Maynard;

Ford Harrison, LLP, Law firm and counsel for St. Anne's School of Annapolis, Incorporated, Connie Coker, and Andrea Weiss;

Gilliland, Scott Alan, Counsel for Kim Davidson and Kim Davidson Law Office, LLC;

G.M.W., Plaintiff;

Goldman, Erika, Defendant;

Gordon, Dana & Gilmore, LLC, Law firm and counsel for Caroline Taylor and Caroline O. Taylor, P.C.;

Gordon Rees Scully Mansukhani, LLP, Law firm and counsel for Paige Yarbrough, Deborah Gregory, Laura Montgomery Lee, Judith Crittenden and Crittenden Partners, P.C.;

Gregory, Deborah, Defendant;

*Deaton v. Chappel*

Hall Booth Smith, P.C., Law firm and counsel for Terri Miller, Caroline Taylor
and Caroline O. Taylor, P.C.;

Hope For Healing, LLC, Defendant;

Huie Fernambucq & Stewart, LLP, Law firm and counsel for Gary Lee, Thomas
McKnight, Jr., and Jay Clark;

Irwin, P. Anthony, III, Counsel for Deegan Malone;

J.K.D., Plaintiff;

Johnson, Dagney, Counsel for Clotele Brantley and Hardy Law Firm, LLC;

Jones, Averie Armstead, Counsel for Jessica Kirk Drennan, Amanda Duncan, Kirk
Drennan, P.C., and Bay Area Christian Counseling, LLC;

Jones, Marcus, Defendant;

Kellner, David, Defendant;

Kim Davidson Law Office, LLC, Defendant;

Kirk Drennan, PC, Defendant;

Labellarte, Michael, Defendant;

Langrall, Craig, Defendant;

Law Office of Scott Gilliland, Law firm and counsel for Kim Davidson and Kim

Davidson Law Office, LLC;

Lee, Gary, Defendant;

Lee, Laura Montgomery, Defendant;

L.W.D., Plaintiff;

MacKenzie, Robert P., III, Counsel for Counsel for Kirk Drennan, P.C., Jessica

Kirk Drenna, Amanda Ruck Duncan, and Bay Area Christian Counseling;

Malone, Deegan, Defendant;

Mashburn, Dr. Robert Eric, Defendant;

May, Hon. Alisha Ruffin, Defendant;

Maynard, Dale, Defendant;

Maynard Nexsen P.C., Law firm and counsel for Hope for Healing, LLC;

McAlister, David L., Counsel for Kirk Drennan, P.C., Jessica Kirk Drenna, and

Amanda Ruck Duncan;

McKnight, Thomas, Jr., Defendant;

Miller, Terri, Defendant;

*Deaton v. Chappel*

Moon, Stacy L., Counsel for Paige Yarbrough, Deborah Gregory, Laura
Montgomery Lee, Judith Crittenden and Crittenden Partners, P.C.;

Norman Wood Kendrick & Turner, Law firm and counsel for Dale Maynard;

Paul, Eris Bryan, Counsel for Deegan Malone;

Peake, T., Plaintiff;

Proctor, Hon. R. David, United States District Judge for the Northern District of
Alabama;

R.E.D., Plaintiff;

Ragsdale, Barry A., Counsel for Wendy Crew, Christina Vineyard, Crew Gentle
Law PC, and Crew Law Group;

Redmond, Wesley C., Counsel for St. Anne's School of Annapolis, Incorporated,
Connie Coker, and Andrea Weiss;

Ritcher, Jeremy W., Counsel for Paige Yarbrough, Deborah Gregory, Laura
Montgomery Lee, Judith Crittenden and Crittenden Partners, P.C.;

Rogers, Bruce F., Counsel for Heather Fann;

Ronnlund, Robert M., Counsel for Terri Miller;

*Deaton v. Chappel*

Scott Dukes & Geisler, P.C., Law firm and counsel for Michael Labellarte and CPE Clinic, LLC;

Segers, Jennifer Devereaux, Counsel for Gary Lee, Thomas McKnight, Jr., and Jay Clark;

Solace Family Counseling, LLC, Defendant;

Southern Maryland Dredging, Inc., Defendant;

St. Anne's School of Annapolis, Incorporated, Defendant;

Starnes Davis Florie LLP, Law firm and counsel for Counsel for Kirk Drennan, P.C., Jessica Kirk Drenna, Amanda Ruck Duncan, and Bay Area Christian Counseling, LLC;

Stephens, Hon. Patricia, Defendant;

Stott, Joseph E., Counsel for Wendy Crew, Christina Vineyard, Crew Gentle Law PC, and Crew Law Group;

Stott & Harrinton PC, Law firm and counsel for Wendy Crew, Christina Vineyard, Crew Gentle Law PC, and Crew Law Group;

Taylor, Caroline, Defendant;

*Deaton v. Chappel*

Terenzi, Elizabeth N., Counsel for Heather Fann;

The Hardy Law Firm, LLC, Defendant;

The Wess Law Firm, P.C., Defendant;

Tindle Firm, Law firm and counsel for Plaintiffs;

Tindle, Scott, Counsel for Plaintiffs;

Vance, Robert S., Counsel for Wendy Crew, Christina Vineyard, Crew Gentle Law

PC, and Crew Law Group;

Vineyard, Christina, Defendant;

Wallace, Jordan, Ratliff & Brandt, L.L.C., Defendant;

Weiss, Andrea, Defendant;

Wells, Huey Thomas, Jr., Counsel for Hope for Healing, LLC;

Wess, Everett, Defendant;

Williams, Carl C., Counsel for Caroline Taylor and Caroline O. Taylor, P.C.;

Wilmer & Lee, P.A., Law firm and counsel for David Kellner and Solace Family

Counseling, LLC;

Wilson, Compton, Defendant;

Wilson, Renee, Defendant;

Wood, Robert V., Jr., Counsel for David Kellner and Solace Family Counseling,

LLC;

Wyatt, Carolyn, Defendant;

Wyatt, Gary, Defendant;

Yarbrough, Paige, Defendant;

Zwilling, Melisa C., Counsel for Kirk Drennan, P.C., Jessica Kirk Drenna, and

Amanda Ruck Duncan.

## CORPORATE DISCLOSURE STATEMENT

Appellees Jessica Kirk Drennan and Amanda Ruck Duncan are individuals.

Appellee Kirk Drennan, P.C., is a professional corporation. There is no corporate

parent and no publicly held corporation has any ownership interest in Kirk

Drennan, P.C.

## STATEMENT REGARDING ORAL ARGUMENT

The issues in this case involve the straightforward application of law. As such, these Appellees do not believe oral argument is necessary.

# TABLE OF CONTENTS

Certificate of Interested Persons and Corporate Disclosure Statement . . . . . . . . C-1

Statement Regarding Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Table of Citations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv

Jurisdictional Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Issues . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    **I.  THE DISTRICT COURT IS DUE TO BE AFFIRMED IN ITS APPLICATION OF AND ABSTENTION UNDER THE *ROOKER-FELDMAN* DOCTRINE** . . . . . . . . . . . . . . . . . . . . . . 9

    **A.  The District Court Correctly Abstained under *Rooker-Feldman* Because Despite Clever Language, the Relief Sought by Appellants Would Have Necessitated Impermissible Interference with State Court Judgments** . . . . . . . . . 9

    **B.  Appellants Attempt to Hold the District Court to an Improper Scope of Review** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    **II. THE DISTRICT COURT IS DUE TO BE AFFIRMED IN ITS APPLICATION OF AND ABSTENTION UNDER THE *YOUNGER* ABSTENTION DOCTRINE** . . . . . . . . . . . . . . . . . 13

        **A.  *Younger* Abstention is Appropriate Because Appellants' Requested Relief Would Create an Undue Interference with State Proceedings** . . . . . . . . . . . . . . . . . . . . . . . . . . 14

        **B.  This Matter Presents an "Exceptional Circumstance" Appropriate for *Younger* Abstention** . . . . . . . . . . . . 16

**C.** The *Middlesex* Factors Advise in Favor of Abstention by the District Court . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

**D.** *Younger* Abstention Bars Claims for Monetary Damages as well as Injunctive Relief . . . . . . . . . . . . . . . . . . . . . . . . 19

**III. THE DISTRICT COURT SHOULD BE AFFIRMED IN ITS APPLICATION OF AND ABSTENTION UNDER THE *COLORADO RIVER* ABSTENTION DOCTRINE** . . . . . . . . 20

**IV. THE DISTRICT COURT SHOULD BE AFFIRMED IN ITS APPLICATION OF AND ABSTENTION UNDER THE DOMESTIC RELATIONS EXCEPTION TO FEDERAL JURISDICTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

**V. THE DISTRICT COURT RIGHTLY DECLINED GIVING APPELLANTS THE OPPORTUNITY TO REPLEAD BECAUSE DOING SO WOULD HAVE BEEN FUTILE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

**VI. APPELLANTS HAVE ABANDONED THE ISSUE OF WHETHER THE DISTRICT COURT PROPERLY DISMISSED THE CERTAIN APPELLEES UNDER RULE 12(B)(6), AND THOSE DISMISSALS ARE DUE TO BE AFFIRMED** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

# TABLE OF CITATIONS

**Cases**

*31 Foster Children v. Bush,*
329 F.3d 1255 (11th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . 14-15, 17, 19-20

*Access Now, Inc. v. Sw. Airlines Co.,*
385 F.3d 1324 (11th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

*Adams v. Florida,*
185 F.App'x 816 (11th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Alliant Tax Credit 31, Inc., v. Murphy,*
924 F.3d 1134 (11th Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26-27

*Ambrosia Coal & Constr. Co. v. Pages Morales,*
368 F.3d 1320 (11th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20-21, 24

*Bank v. Pitt,*
928 F.2d 1108 (11th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*Behr v. Campbell,*
8 F.4th 1206 (11th Cir. 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-11

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Booker v. Turner,*
Case No. 5:22-cv-01064-LCB-SGC, 2023 WL 4722531 (N.D. Ala. June 15, 2023)10

*Boyd v. Georgia,*
2012 WL 2862157 (S.D.Ga. May 14, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Brown v. Blue Cross & Blue Shield of Fla., Inc.,*
No. 11-80390-CIV, 2011 WL 11532078 (S.D.Fla. Aug. 8, 2011). . . . . . . . . . . . 21

*Bryant v. Dupree,*
252 F.3d 1161 (11th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

*Casale v. Tillman,*
558 F.3d 1258 (11th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Colorado River Water Conservation District v. United States*,
424 U.S. 800 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 22

*Corsello v. Lincare, Inc.*,
428 F.3d 1008 (11th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*Creekbaum v. Creekbaum*,
2018 WL 4035962 (N.D.Ala. Aug. 23, 2018). . . . . . . . . . . . . . . . . . . . . . . 24

*Davis v. Self*,
547 F.App'x 927 (11th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Doby v. Strength*,
758 F.2d 1405 (11th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Forman v. Davis*,
371 U.S. 178 (1962). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

*Fox v. Fla. Dep't of Children & Families*,
828 F.App'x 639 (11th Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Gilbert v. Daniels*,
624 F.App'x 716 (11th Cir. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*Goodman ex rel. Goodman*,
259 F.3d 1327 (11th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Greenbriar, Ltd. v. City of Alabaster*,
881 F.2d 1570 (11th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

*Hall v. United Ins. Co. of America*,
367 F.3d 1255 (11th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

*Hatcher v. Alabama Dep't of Hum. Servs., Child Support Enf't Div.*,
747 F.App'x 778 (11th Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16-17

*Ingram v. Hayes*,
866 F.2d 368 (11th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25, 27-28

*Jacks v. Chance*,
No. 2:18-CV-00188-UJB-RDP, 2018 WL 1856195 (N.D.Ala. Apr. 18, 2018). . . 21

*Kelliher v. Veneman*,
313 F.3d 1270 (11th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

*Kernel Recs. Oy v. Mosley*,
694 F.3d 1294 (11th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

*Kirby v. Mellenger*,
830 F.2d 176 (11th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*Krutzig v. Pulte Home Corp.*,
602 F.3d 1231, 1234 (11th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

*LaDuke v. Burlington N. R. Co.*,
879 F.2d 1556 (7th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Lake Carriers' Ass'n v. MacMullan*,
406 U.S. 498 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Liedel v. Juvenile Court*,
891 F.2d 1542, 1546 (11th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n*,
457 U.S. 423 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 17-18

*Moore v. Sims*,
442 U.S. 415 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Moorer v. Demopolis Waterworks & Sewer Bd.*,
374 F.3d 994 (11th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 22-23, 25

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.*,
460 U.S. 1 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 24

*Moussignac v. Ga. Dep't of Human Res.*,
139 F.App'x 161 (11th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Narciso v. Walker*,
811 F.App'x 600 (11th Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . 15-16, 19

*New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*,
491 U.S. 350 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 16

*Rash v. Rash*,
173 F.3d 1376 (11th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Ray v. Jud. Corr. Servs.*,
No. 2:12-CV-02819-RDP, 2013 WL 5428395 (N.D.Ala. Sept. 26, 2013) . . . 10, 18

*Rowe v. Schreiber*,
139 F.3d 1381 (11th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

*Sanders v. Child Advoc. Ctr.*,
2023 WL 5124265 (S.D.Ala. July 11, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Shuler v. Meredith*,
144 F.App'x 24 (11th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Singh v. U.S. Att'y Gen.*,
561 F.3d 1275 (11th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 19, 33

*Sini v. Citibank, N.A.*,
990 F.Supp.2d 1370 (S.D.Fla. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*St. George v. Pinellas Cty.*,
285 F.3d 1334 (11th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Steffel v. Thompson*,
415 U.S. 452 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Thomas v. Cooper Lighting, Inc.*,
506 F.3d 1361 (11th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

*Thomas v. Disanto*,
762 F.App'x 770 (11th Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 15

*TranSouth Fin. Corp. v. Bell*,
149 F.3d 1292 (11th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*United States v. Campbell*,
26 F.4th 860 (11th Cir. 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

*United States v. Jernigan*,
341 F.3d 1273 (11th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

*United States v. Levy*,
379 F.3d 1241 (11th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

*Wexler v. Lepore*,
385 F.3d 1336 (11th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Williamson v. Alabama Dep't of Mental Health & Mental Retardation*,
No. 21-13274, 2023 WL 5287873 (11th Cir. Aug. 17, 2023) . . . . . . . . . . . . . . . 33

*Younger v. Harris*,
401 U.S. 37 (1971). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 20

**Rules**

Fed. R. App. P. 28 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 33

Fed. R. App. P. 32 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

Fed. R. Civ. P. 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 29-33

**Statutes**

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

# JURISDICTIONAL STATEMENT

This Court has jurisdiction under 28 U.S.C. § 1291, which grants the courts of appeals jurisdiction over all appeals arising from final decisions of the district courts.

## STATEMENT OF THE ISSUES

I.  Did the District Court correctly decide that abstention is required in this case under the *Rooker-Feldman*?

II. Did the District Court correctly determine that abstention is required under the *Younger* abstention doctrine?

III. Did the District Court correctly decide that abstention is required under the *Colorado River* abstention doctrine?

IV.     Did the District Court correctly determine that abstention is required under the Child Custody/Domestic Relations exception to federal jurisdiction?

V.  Did the District Court correctly decline to allow Appellants the opportunity to amend because doing so would have been futile?

VI.     Even if abstention is not required, is the District Court's Order of Dismissal due to be affirmed with respect to these Appellees in that dismissals were granted on substantive grounds that were not raised by the Appellants and thus the Appellants have abandoned each of those issues?

## STATEMENT OF THE CASE

This case was initiated by the filing of a Summons and Complaint on or about June 2, 2023. Appellants' Complaint (Appendix, p. 499) arises out of ongoing domestic relations cases pending in the Circuit Court of Jefferson County, Alabama. The Complaint, in essence, is an attack on the Jefferson County Circuit Court, Domestic Relations Division (*See id*. at 502-504). The Complaint contain more than 900 paragraphs and 31 separate counts, all of which arise out of ongoing domestic relations actions in the Circuit Court of Jefferson County, Alabama. (*See id*., generally).

In response to Appellants' Complaint, these Appellees, as well as other Appellees, filed a Motion to Dismiss. (Doc. 160). Many of these motions raised, in some combination, abstention under the *Rooker-Feldman* doctrine, the *Colorado River* abstention doctrine, the *Younger* abstention doctrine, and/or the Child Custody/Domestic Relations exception to federal jurisdiction, or alternatively adopted arguments of other Appellees who raised those issues at the initial pleading stage. *Id*. In addition, these Appellees raised substantive grounds for dismissal for all of the counts in which Appellees were named:

> Appellees Kirk Drennan, P.C., Jessica Kirk Drennan, and Amanda Rucks Duncan [Appendix at 315] – Count I (Deprivation of Rights under Color of State Law); Count II (RICO); Count III (RICO Conspiracy); Count IV (Civil Conspiracy); Count V (Abuse of Process); Count VI (Fraud); Count IX (False Imprisonment against

Duncan and Kirk Drennan with regard to J.K.D., L.W.D., and R.E.D.); Count XI (False Imprisonment against Drennan and Kirk Drennan with regard to J.K.D. and L.W.D.); Count XIII (Invasion of Privacy); Count XVII (Alabama Litigation Accountability Act); and Count XXI (Defamation).

On August 24, 2023, District Court Judge David Proctor entered a Show Cause Order requiring Appellants to show cause in writing why the case should not be dismissed under (1) the *Rooker-Feldman* doctrine; (2) the *Younger* abstention doctrine; (3) the *Colorado River* abstention doctrine; and/or (4) the Child-Custody Exception to Federal Jurisdiction. (Appendix at 856). That Show Cause Order provided an opportunity for the Defendants/Appellees to respond.

Pursuant to the Show Cause Order, on September 6, 2023, Appellants filed a brief with the Court opposing abstention. (Appendix at 908). Thereafter, on September 7 and 8, 2023, many of the Appellees filed responses to that Show Cause Order. (*Deaton*, Docs. 195, 197, 198, 199, 200, 201, 202, 203, and 204). Each of these filings pointed out the reasons abstention is required under each of the abstention doctrines mentioned in the District Court's Show Cause Order or alternatively adopted the arguments of other Appellees in that regard.

On September 19, 2023, District Court Judge David Proctor entered an Order granting each of the Appellees Motions to Dismiss consistent with the rulings in his Memorandum Opinion filed on the same date. (Appendix at 953, 935). Appellants now appeal from that Order and the supporting Memorandum

Opinion. For the reasons presented below, the District Court's Order is due to be affirmed in all respects.

## SUMMARY OF THE ARGUMENT

The District Court's Order of Dismissal as to each of these Appellees is due to be affirmed in its entirety. First, the Court correctly applied the *Rooker-Feldman* abstention doctrine. As will be explained in more detail below, the *Rooker-Feldman* doctrine prohibits a "state court loser" from requesting review by a federal district court. While Appellants attempt to suggest that they are not seeking review of state court orders, there is no question that the claims made by Appellants succeed only to the extent that they can prove error on the part of a state court judge. In short, this entire case is nothing more than an impermissible request for the federal district court to review the actions of a state court judge and determine that a state court judge wrongly decided certain issues. As such, *Rooker-Feldman* prohibits Appellants' claims.

Similarly, the *Younger* abstention doctrine required that the District Court abstain. The *Younger* abstention doctrine prohibits federal court intervention in ongoing state proceedings that implicate important state interests and where there is an adequate opportunity in state court to raise the issues raised herein. There is no question that the conduct of the domestic relations court is an important state interest. Further, there are in fact ongoing state court judicial proceedings and Appellants have a full and fair opportunity to present any and all concerns in the state court, including appellate options if they are dissatisfied with the state court

results. Each of these issues will be addressed in detail in the Argument section below.

Next, the Court properly exercised its discretion in abstaining under the *Colorado River* abstention doctrine. This is true because there is an ongoing parallel action in state court which involve many of the same parties and in which similar issues have been raised or could be raised. Each of the *Colorado River* factors, which will be addressed in detail below, weigh in favor of abstention.

In addition, the District Court properly made the determination that abstention was required under the Child Custody/Domestic Relations exception to federal jurisdiction. That exception "instructs federal courts to abstain from assuming jurisdiction over cases that require a determination on issues of child custody, paternity, divorce, or alimony." As this case unquestionably centers around underlying domestic relations proceedings where such things as custody and divorce are pending, this exception to federal court jurisdiction requires abstention.

Finally, even if this Court were to determine that abstention was inappropriate, each of these Appellees raised substantive issues in their Motions to Dismiss. Each Appellee argued to the District Court that the claims pleaded against them should be dismissed for reasons other than abstention, including pleading deficiencies and substantive legal prohibitions which preclude the various

individual claims plead against each of these Appellees from going forward. In its Order of Dismissal, the District Court granted each of the motions filed by these various Appellees. (Appendix at 953). There was no limitation as to the counts which were dismissed. Instead, the Court granted all pending Motions to Dismiss, subject to its Memorandum opinion. (*Id.*). The law is clear that this Circuit Court may affirm the judgment of a District Court on any ground supported by the record. As each of these grounds was raised by Appellees below, Appellants' failure to address these substantive arguments has now resulted in a waiver of the right of the Appellants to challenge these grounds for dismissal. As each of those issues have been abandoned by Appellants, this Court is required to affirm the District Court's dismissal on each ground that was not addressed in the Appellants' Initial Brief.

**ARGUMENT**

**I. THE DISTRICT COURT IS DUE TO BE AFFIRMED IN ITS APPLICATION OF AND ABSTENTION UNDER THE *ROOKER-FELDMAN* DOCTRINE.**

> **A.    The District Court Correctly Abstained under *Rooker-Feldman* Because Despite Clever Language, the Relief Sought by Appellants Would Have Necessitated Impermissible Interference with State Court Judgments.**

Appellants have consistently alleged in their Complaint, in response to the District Court's show-cause order, and in their Appellant Brief that they "do not seek reversal of state court orders". (Appendix, p. 675; Appellant's Br. at 16, 22, 24). However, as the District Court found, the issues Appellants put before it were so "inextricably intertwined" with state court judgments that the District Court could in no manner grant to Appellants the relief they sought without reversing state court orders, which it cannot do. (Appendix at 1011; *see Behr v. Campbell*, 8 F.4th 1206, 1211-12 (11th Cir. 2021)). As such, the District Court's abstention under the *Rooker-Feldman* doctrine is due to be affirmed.

Despite Appellants' contentions, *Rooker-Feldman*'s application is not limited to cases in which an appellant explicitly requests that an order be overturned. In *Behr v. Campbell*, a case on which Appellants heavily rely, the Eleventh Circuit held that *Rooker-Feldman* also bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and

rejection of those judgments." *Behr*, 8 F.4th at 1212. *Rooker-Feldman* "does not prioritize form over substance. It bars all appeals of state court judgments—whether the plaintiff admits to filing a direct appeal of the judgment or tries to call the appeal something else." *Id.* at 1211-12 ("A state court loser cannot avoid *Rooker-Feldman*'s bar by cleverly cloaking her pleadings in the cloth of a different claim."). Consideration of whether claims are "inextricably intertwined" with a state court judgment prevents courts from improperly exercising jurisdiction where "the claimant does not call it an appeal of a state court judgment." *Id.* at 1212. "The *Rooker-Feldman* doctrine also applies to cases that have the potential to besmirch or void related state court judgments." *Ray v. Jud. Corr. Servs.*, No. 2:12-CV-02819-RDP, 2013 WL 5428395, at *11 (N.D. Ala. Sept. 26, 2013).

As recognized by the District Court, the relief requested in both the Complaint and the subsequent Emergency Motion for a Temporary Restraining Order (Appendix at 31-42) reveal Appellants' true goal of having multiple state court orders declared unconstitutional. Appellants' desire to have a federal court interfere in their domestic proceedings is further evidenced by Appellants' choice to name the state court domestic relations judges as defendants. The District Court determined that Appellants' Prayer for Relief in their Complaint, in conjunction with the Emergency Motion for a Temporary Restraining Order were evidence of

Appellants' advocacy for "reversal of state court orders," even if called by a different name. (Appendix at 936-37).

In their Prayer for Relief, Appellants request that the District Court enter an "order declaring that all [Appellees]' acts or omissions described herein violated the First, Fourth, Ninth, and Fourteenth Amendments to the United States Constitution" and that "all [Appellees] be disgorged of all ill-gotten gains, including by not limited to, wages, bribes, kickbacks, salaries, fees, and any other monetary or non-monetary gain as a result of The Enterprise." (*Id*. at 675-76). The practical effect of granting the requested relief would be to overturn the rulings of the state courts.

Appellants seek to have state court orders declared unconstitutional, including rulings on the merits of cases and granting of attorneys' fees and guardians ad litem's fees, meaning that they are "inviting district court review and rejection of those judgments." *Behr*, 8 F.4th at 1212. Based on Appellants' pleadings, the District Court correctly held that *Rooker-Feldman* foreclosed Appellants' "efforts to use this action as a mechanism to overturn any final state court orders resolving child custody-related claims they raised, or had a reasonable chance to raise, in [state court]." (Appendix at 941) (citing *Fox v. Fla. Dep't of Children & Families*, 828 F.App'x 639, 640 (11th Cir. 2020); *Thomas v. Disanto,*

762 F.App'x 770, 772-73 (11th Cir. 2019); *Goodman ex rel. Goodman,* 259 F.3d 1327, 1333 (11th Cir. 2001)).

The District Court is due to be affirmed because it abstained from this case under *Rooker-Feldman* upon finding that "each of [Appellants'] claims is 'inextricably intertwined' with decisions made by the state court because either (a) a ruling in [Appellants'] favor would 'effectively nullify' the state court judgments and/or (b) [Appellants'] claims 'succeed[] only to the extent that the state court wrongly decided the issues.'" (Appendix at 941) (citing *Casale v. Tillman,* 558 F.3d 1258, 1260 (11th Cir. 2009)).

### B. Appellants Attempt to Hold the District Court to an Improper Scope of Review.

Appellants argue that for the purposes of applying the *Rooker-Feldman* doctrine, the District Court did not apply the appropriate scope of review, which they contend is "limited to the four corners of the complaint." (Appellants' Br. at 22 (quoting *St. George v. Pinellas Cty.,* 285 F.3d 1334, 1337 (11th Cir. 2002)). *St. George* addresses the standard of review for the Eleventh Circuit (not the district court) upon appeal of a motion to dismiss under Rule 12(b)(6); it does not involve the *Rooker-Feldman* doctrine. 285 F.3d at 1337. Similarly, Appellants cite *Twombly* for the proposition that the District Court must have drawn all reasonable inferences in the light most favorable to Appellants. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007). Again, *Twombly* does not consider *Rooker-Feldman*

and is instead addressing a motion to dismiss under Rule 12(b)(6). As such, Appellants have not cited to, nor are Appellees aware of, any authority that so limits a district court's discretion when determining the applicability of the *Rooker-Feldman* doctrine, upon being requested by a party to impermissibly review and overturn state court decisions.

Regardless of the standard to be applied, the Memorandum Opinion makes clear that the District Court's decision and findings was based on Appellants' allegations and pleadings:

> Although Plaintiffs assert in their Complaint that they "do not seek reversal of state court orders," they acknowledge that they "seek access to a proper and unbiased court to hear these issues affecting minor children on their merits." (Doc. # 1 at ¶¶ 906, 907). They also request "[a]n order declaring that all Defendants' acts or omissions" related to the state law cases are unconstitutional. (Doc. # 1 at 178). But these issues were heard and decided in the state court and it is crystal clear that Plaintiffs now want a re-do in this court and an order holding that the state court's decisions were tainted by the allegedly unconstitutional actions of Defendants.

(Appendix at 942).

As such, Appellants have provided no grounds sufficient to overturn the District Court's dismissal of their claims.

## II. THE DISTRICT COURT IS DUE TO BE AFFIRMED IN ITS APPLICATION OF AND ABSTENTION UNDER THE *YOUNGER* ABSTENTION DOCTRINE.

Both Appellants and the District Court have recognized that in general, district courts have a "virtually unflagging obligation … to exercise the jurisdiction

given them," subject to certain notable exceptions. (Appellants' Br. at 25-26; Appendix at 942). The *Younger* abstention doctrine is an exception to this general rule. The District Court correctly summarized the factors a court must consider in determining whether to abstain:

> *Younger v. Harris* 401 U.S. 37 (1971) 'bars federal court intervention in state noncriminal proceedings where the proceedings constitute an ongoing state judicial proceeding, the proceedings implicate important state interests, and there is an adequate opportunity in the state proceedings to raise constitutional challenges.' *Adams v. Florida,* 185 F. App'x 816, 816-17 (11th Cir. 2006) (per curiam) (citing *31 Foster Children v. Bush,* 329 F.3d 1255, 1274 (11th Cir. 2003)). *Younger* abstention is not triggered unless the federal relief would create an undue interference with state proceedings and the state proceedings at issue involve orders that uniquely further the state courts' ability to perform their judicial functions. *Wexler v. Lepore,* 385 F.3d 1336, 1339 (11th Cir. 2004).

(Appendix at 943). Each case cited by the District Court relies upon foundational Supreme Court precedent in *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423 (1982) ("*Middlesex*") and *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans,* 491 U.S. 350 (1989) ("*NOPSI*"). For the reasons explained below, the District Court correctly abstained from exercising jurisdiction under *Younger*.

### A.    *Younger* Abstention is Appropriate Because Appellants' Requested Relief Would Create an Undue Interference with State Proceedings.

"In order to decide whether the federal proceeding would interfere with the state proceeding [for purposes of the *Younger* doctrine], we look to the relief

requested and the effect it would have on the state proceedings." *31 Foster Children*, 329 F.3d at 1276. The *Younger* doctrine can apply even where the relief sought would not "directly interfere with an ongoing proceeding or terminate an ongoing proceeding," as long as it would interfere in the state court's ability to conduct those proceedings. *Id.* at 1276-77 (citations omitted). Despite now having had multiple opportunities to do so, Appellants have failed to explain how the District Court could declare an order entered in a state court proceeding unconstitutional without interfering in that proceeding.

Instead, the District Court determined that it could not provide Appellants' requested relief without "engag[ing] in such a prohibited interference here." (Appendix at 943). In support of its application of the *Younger* abstention doctrine and refusal to take jurisdiction of this matter, that Court cited three impermissible requests made by Appellants:

> [T]hey ask the court to declare that all challenged actions by Defendants in their state court lawsuits are unconstitutional. (Doc. # 1 at 178). They have also asked this court to stay the state court proceedings and prohibit Judge Stephens from presiding over the case(s) pending before her. (Doc. # 7 at 9). More specifically, they asked this court to order Judge Stephens to recuse herself from the case pending before her. As a result, *Younger* abstention appears to be warranted. *See Narciso v. Walker,* 811 F. App'x 600, 601-03 (11th Cir. 2020) (per curiam) (citing *Younger* in affirming the dismissal of a plaintiff's federal court challenge under 42 U.S.C. § 1983 to child custody proceeding pending in state court); *Thomas,* 762 F. App'x at 772-73 (agreeing with district court's alternative finding that the plaintiff's federal lawsuit over a child custody matter was barred by *Younger* to the extent the proceedings were ongoing); *Liedel v.*

*Juvenile Court,* 891 F.2d 1542, 1546 (11th Cir. 1990) (recognizing that "under *Younger* [abstention,] federal district courts may not interfere with ongoing child custody proceedings") (citing *Moore v. Sims,* 442 U.S. 415 (1979) (applying *Younger* abstention doctrine to prevent federal court action seeking to enjoin pending state child custody proceeding brought by state authorities)).

(*Id*. at 943-44). Appellants' Complaint asks the District Court to enter relief against a host of private and state actors (including domestic relations judges) involved in their ongoing domestic proceedings. As the Eleventh Circuit determined in the cases relied upon by the District Court, such relief would constitute impermissible interference with an underlying state court proceeding.

### B. This Matter Presents an "Exceptional Circumstance" Appropriate for *Younger* Abstention.

Appellants also contend, without any explanation, that the underlying domestic relations court cases do not present the "exceptional circumstances" required for the *Younger* doctrine to apply. *See New Orleans Pub. Serv., Inc.*, 491 U.S. 350 ("*NOPSI*") (*See* Appellants' Br. At 25). Of the three categories of exceptional circumstances addressed in *NOPSI*, only one is relevant here: "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *New Orleans Pub. Serv., Inc.*, 491 U.S. at 368. However, the Eleventh Circuit has upheld *Younger* abstention in the context of domestic relations cases on several occasions. *See, e.g., Narciso*, 811 F.App'x at 602 (concluding that a suit attempting to enjoin an ongoing custody

dispute implicated the third *NOPSI* category); *Hatcher v. Alabama Dep't of Hum. Servs., Child Support Enf't Div.*, 747 F.App'x 778, 782 (11th Cir. 2018); *Davis v. Self*, 547 F.App'x 927, 930 (11th Cir. 2013).

## C. The *Middlesex* Factors Advise in Favor of Abstention by the District Court.

In determining whether to apply *Younger*, the District Court addressed the three *Middlesex* factors, each of which must be answered in the affirmative for a district court to abstain: "'first, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges.' *31 Foster Children,* 329 F.3d at 1279 (quoting *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)) (emphasis omitted) (alterations in original)." (Appendix at 944). Appellants agree that this is the correct standard; they only disagree in the result. (Appellants' Br. at 26). The District Court determined that the state court proceedings were ongoing at the time of filing, which Appellants' do not dispute.[1] (Appendix at 944; Appellants' Br. at 28).

---

[1] Appellants contend that this prong of the *Middlesex* analysis is inapplicable: "Appellants believe the first prong does not apply as the Appellees are not parties to any state judicial proceeding seek [*sic*] the same relief for damages sought here…." (Appellants' Br. at 28). However, Appellants failed to provide any law in support of this position. Because Appellants failed to cite any authority in support of their position, they have waived it, and it is not due to be considered by this Court. *See Singh*, 561 F.3d at 1278; Fed.R.App.P. 28(a)(9)(A).

However, Appellants contend that the first *Middlesex* factor cannot be satisfied unless Appellants raise the same claims in the federal case as they have previously raised in state court. (Appellants' Br. at 27). The only authority Appellants cite for this proposition is *Ray v. Jud. Corr. Servs.*, 2013 WL 5428395. Rather than bolstering Appellants' position, *Ray* undermines the point Appellants attempt to make:

> Right off the bat, Defendants' abstention argument runs aground and founders upon the first *Younger* prong—**none of the Plaintiffs are currently involved in ongoing state judicial proceedings**. Indeed, all of Plaintiffs' state cases have long been resolved—Ray's most recent case was adjudicated in July 2011, the Fugatts had their cases *nol prossed* in January 2011, and Jews' case was apparently dismissed in October 2009 . . . **Furthermore, the declaratory and injunctive relief sought by Plaintiffs is not intended to contradict or overturn the substance of the prior state court proceedings, but instead targets Childersburg's post-judgment procedure**, removing the very concern that animates the *Younger* doctrine's concern with improper interference with a pending state proceeding. Because "the relevant principles of equity, comity, and federalism 'have little force in the absence of a pending state proceeding,'" *Steffel v. Thompson,* 415 U.S. 452, 462 (1974) (quoting *Lake Carriers' Ass'n v. MacMullan,* 406 U.S. 498, 509 (1972)), no *Younger*-style concerns prevent this court from hearing Plaintiffs' suit.

*Id*. at \*14 (emphasis added). The opinion has no relevance to Appellants' argument. Unlike in *Ray*, Appellants' domestic cases were ongoing at the time of filing, and Appellants' Complaint and subsequent pleadings seek to invalidate the results of the proceedings themselves, not post-judgment procedure.

Appellants' likewise do not dispute the District Court's ruling concerning the second prong, that "there is no question that child custody matters implicate important state interests." (Appendix at 944 (quoting *Sanders v. Child Advoc. Ctr.,* 2023 WL 5124265, at \*5 (S.D. Ala. July 11, 2023); citing *Narciso,* 811 F.App'x at 602 ("[f]amily relations are a traditional area of state concern.")); (Appellants' Br. at 29).

As for the third prong, Appellants contest the District Court's application of it as advising in favor of abstention (Appendix at 944-45), but do so without citing to any law or authority in support of their position (Appellants' Br. at 29-31). As a result, Appellants have waived the position, and it is not due to be considered by this Court. *See Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009); Fed.R.App.P. 28(a)(9)(A). This is particularly true in light of prior Eleventh Circuit precedent holding that "'a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.'" *Narciso*, 811 Fed.Appx. at 602 (quoting *31 Foster Children*, 329 F.3d at 1279). Appellants have not pointed to any authority to rebut this presumption.

### D. *Younger* Abstention Bars Claims for Monetary Damages as well as Injunctive Relief.

Appellants further contend that the *Younger* abstention doctrine does not apply here because they have made claims for damages, rather than seeking injunctive relief. (Appellants' Br. at 29, 31). Appellants' assertion is misguided.

While *Younger v. Harris* involved a claim for injunctive relief, the *Younger* doctrine also applies to claims for monetary damages. *See Booker v. Turner*, Case No. 5:22-cv-01064-LCB-SGC, 2023 WL 4722531, at *4 (N.D. Ala. June 15, 2023) (citing *31 Foster Children*, 329 F.3d at 1276 and *Boyd v. Georgia*, 2012 WL 2862157, at *1 (S.D.Ga. May 14, 2012) (citing *Doby v. Strength*, 758 F.2d 1405, 1405-06 (11th Cir. 1985)), *report and recommendation adopted*, 2012 WL 2862123 (S.D. Ga. July 11, 2012), *aff'd*, 512 F.App'x 915 (11th Cir. 2013)).

### III. THE DISTRICT COURT SHOULD BE AFFIRMED IN ITS APPLICATION OF AND ABSTENTION UNDER THE *COLORADO RIVER* ABSTENTION DOCTRINE.

Under the *Colorado River* doctrine, a federal district court may "dismiss or stay an action when there is an ongoing parallel action in state court." *Moorer v. Demopolis Waterworks & Sewer Bd.*, 374 F.3d 994, 997 (11th Cir. 2004) (quoting *LaDuke v. Burlington N. R. Co.*, 879 F.2d 1556, 1558 (7th Cir. 1989)). The principles of the doctrine "rest on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Ambrosia Coal & Constr. Co. v. Pages Morales*, 368 F.3d 1320, 1328 (11th Cir. 2004) (quoting *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)).

Appellants wrongly contend that the *Colorado River* abstention doctrine does not apply here because this matter does not involve the same parties, the same

relief, or the same issues as the Appellants' domestic cases. (Appellants' Br. at 29, 33). However, the doctrine is not so narrow as Appellants allege. "[F]ederal and state proceedings do not have to contain the same parties, issues, and requests for relief to be identical." *Jacks v. Chance*, No. 2:18-CV-00188-UJB-RDP, 2018 WL 1856195, at *2 (N.D.Ala. Apr. 18, 2018) (citing *Ambrosia Coal & Const. Co.*, 368 F.3d at 1331); (Appendix at 948). "The crucial question is whether the 'similarity between the two cases is sufficient to justify the conclusion that the state court litigation will be an adequate vehicle for the complete and prompt resolution of the issue between the parties.'" (Appendix at 948 (quoting *Sini v. Citibank, N.A.*, 990 F.Supp.2d 1370, 1376 (S.D.Fla. 2014) (quoting *Brown v. Blue Cross & Blue Shield of Fla., Inc.*, No. 11-80390-CIV, 2011 WL 11532078, at *8 (S.D.Fla. Aug. 8, 2011))).

The issues in this case are substantially similar to those in the domestic relations court cases below, as Appellants premise their claims on the contention that the state court wrongly decided the issues in those cases. Additionally, the parties are substantially identical. Each of the Appellants is either a plaintiff in one of the underlying domestic relations court cases or a minor child whose custody is at issue in them. While the opposing parties in the domestic cases are not defendants in this action, Appellants' claims against those parties' attorneys and

the judges and court personnel in the underlying cases provides no less adequate a vehicle for the resolution of Appellants' issues with the orders in the cases below.

Here, the District Court recognized that while it "may 'dismiss or stay an action when there is an ongoing parallel action in state court,'" it may only "'defer to a parallel state proceeding under "limited" or "exceptional" circumstances.'" (Appendix at 947 (quoting *Moorer,* 374 F.3d at 997 (citing *Colorado River Water Conservation Dist.,* 424 U.S. at 817-818))).

The Eleventh Circuit has indicated that, while no bright-line test exists to determine when a concurrent state case warrants federal court abstention in a parallel federal case, a district court may consider the following six factors in determining whether exceptional circumstances exist:

> (1) the order in which the courts assumed jurisdiction over property; (2) the relative inconvenience of the fora; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides the rule of decision; and (6) whether the state court will adequately protect the rights of all parties.

*Moorer,* 374 F.3d at 997 (quoting *TranSouth Fin. Corp. v. Bell,* 149 F.3d 1292, 1294-95 (11th Cir. 1998)). Even so, "[t]he decision whether to dismiss 'does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction.'" *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.,* 460 U.S. 1, 16 (1983)). The weight attributed to each factor varies on

a case-by-case basis, and depends on the particularities of that case. *Id.* A single factor alone can be the sole reason for abstention. *Id.*

In the present case, the District Court performed its analysis by asking two questions, and answering both of them affirmatively, resulting in a determination that *Colorado River* applies: "(1) whether there is a state-court proceeding that is sufficiently parallel to this action; and (2) if so, when applying the factors discussed above, do exceptional circumstances exist that counsel toward staying this action?" (Appendix at 948). As to the first question, the District Court held that this matter and the state court actions are substantially similar: "Although different causes of action are asserted here, this entire action is premised on [Appellants]' arguments that the challenged actions taken by [Appellees] in the parallel state cases were unconstitutional or otherwise unlawful. And, the actors and parties in the state and federal litigation are substantially the same." (*Id.*). Therefore, the federal and state actions "involve substantially the same parties and issues, making them parallel actions under the *Colorado River* doctrine." (*Id.* at 948-49).

In answer to the second question, the District Court held that the factors for its consideration resulted in a finding that exceptional circumstances existed that required its abstention. (*Id.* at 949). Specifically, the third factor – the order in which jurisdiction was obtained and the relative progress of the two actions –

"weighs in favor of abstention because the state court proceedings obtains jurisdiction long before this federal action was initiated." (*Id*.); *see also Ambrosia Coal*, 368 F.3d at 1333 (holding that this factor "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.") (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21). The fourth factor – the desire to avoid piecemeal litigation – favors abstention because Appellants "seek to have multiple state court orders in ongoing domestic proceedings declared unconstitutional. Thus, not abstaining in this case would 'require the duplication of resources and potentially conflicting decisions based on the same evidence.'" (*Id*. (quoting *Creekbaum v. Creekbaum,* 2018 WL 4035962, at *3 (N.D.Ala. Aug. 23, 2018))).

The fifth factor – whether federal law provides the rule of decision – is either neutral or tips slightly in favor of abstention because, while "federal law provides the rule of decision on the claim pled by [Appellants] here, examination of those issue[s] will necessarily entail a close examination of state court custody issues." (*Id*.). Finally, the sixth favor – whether the state court will adequately protect the rights of all parties – favors abstention as "the Eleventh Circuit has 'found that state courts can generally adequately address federal constitutional claims.'" (*Id*. (quoting *Shuler v. Meredith*, 144 F.App'x 24, 26 (11th Cir. 2005))). Appellants have (and have exercised) the right to appeal the trial court decisions to

Alabama appellate courts, and as such, they had the opportunity to raise their constitutional concerns at multiple levels within the judicial system.

The District Court correctly held that because the majority of the relevant *Colorado River* factors weighed in favor of abstention, it was required to abstain from exercising jurisdiction in the matter. (*Id*.); *see Moorer*, 374 F.3d at 997 (holding that the weight given to each factor varies on a case-by-case basis, and even a single factor can provide a basis for abstention).

## IV.  THE DISTRICT COURT SHOULD BE AFFIRMED IN ITS APPLICATION OF AND ABSTENTION UNDER THE DOMESTIC RELATIONS EXCEPTION TO FEDERAL JURISDICTION.

Appellants are incorrect in their overly narrow interpretation of the domestic relations exception to federal jurisdiction, and the District Court is due to be affirmed in its abstention under the exception. The domestic relations exception "instructs federal courts to abstain from assuming jurisdiction over cases that require a determination on issues of child custody, paternity, divorce, or alimony." (Appendix at 950) (citing *Moussignac v. Ga. Dep't of Human Res.,* 139 F.App'x 161, 162 (11th Cir. 2005) (per curiam) ("[F]ederal courts generally dismiss cases involving divorce and alimony, child custody, visitation rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification.") (citing *Ingram v. Hayes*, 866 F.2d 368, 369

(11th Cir. 1988) (per curiam)); *see also Alliant Tax Credit 31, Inc., v. Murphy,* 924 F.3d 1134, 1146 (11th Cir. 2019)).

Appellants have consistently disputed seeking from the District Court a divorce, alimony, or child custody decree. (Appendix at 915, 950; Appellants' Br. at 37). But that does not reflect the reality of what Appellants sought from the District Court, from whom they asked for "an order invalidating judicial actions taken by the state courts in the underlying (and pending) child custody cases." (Appendix at 950). Appellants further asked the District Court to "declare every act taken by [Appellees] in relation to their state court custody cases unconstitutional and provide an alternate forum 'to hear these issues affecting [their] minor children.'" (*Id.* (quoting Appendix at 676)). Given the nature of Appellants' Complaint, the District Court could not have heard and decided this matter without unwinding the "parties' domestic affairs" and entangling itself in the state court decisions pertaining to child-custody decrees that are ongoing and subject to modification. *See Rash v. Rash*, 173 F.3d 1376, 1380 (11th Cir. 1999).

Appellants further contend that "Appellees are not parties to any state judicial proceeding seek [*sic*] the same relief for damages sought here." (Appellants' Br. at 35). However, that is not the appropriate consideration for the District Court to apply in determining whether it has jurisdiction over this matter. Rather, the domestic relations exception requires the District Court to consider

whether "hearing the claim would require the court to delve into the parties' domestic affairs." *Rash*, 173 F.3d at 1380 (citing *Ingram*, 866 F.2d at 370). The District Court found Appellants arguments on this front (which they have restated in Appellants' Brief) not to be compelling. (Appendix at 951). Appellants have relied on the holding in *Alliant* to support their position; however, *Alliant* is readily distinguishable from the facts before the Court here. *Alliant Tax Credit 31, Inc.,* 924 F.3d 1134. In *Alliant*, the plaintiffs filed a claim under the Uniform Fraudulent Transfers Act to set aside transfers of assets made pursuant to a divorce settlement agreement between two defendants. *Id*. at 1138-39. In holding that the exception did not apply, the Eleventh Circuit noted that "[t]he less a case is a 'core' domestic relations case, e.g., one for a divorce or a simple child custody dispute, the less discretion the district court has to refuse to exercise its jurisdiction." *Id.* at 1146 (quoting *Kirby v. Mellenger*, 830 F.2d 176, 179 (11th Cir. 1987). Appellants' Complaint, which seeks to have orders involving child custody declared unconstitutional, is far closer to the "core" of domestic relations than the fraudulent transfer issue in *Alliant*. (*See* Appendix at 676, 951-52).

Based on its analysis of Appellants' Complaint and subsequent pleadings, the District Court rightly held that it could not exercise jurisdiction over the dispute, lest "it would inevitably be compelled to conduct an inquiry into various aspects of ongoing custody issues." (Appendix at 952). As a result, it was required

to dismiss the action under the domestic relations exception because "hearing the claim would mandate inquiry into the marital or parental-child relationship." (*Id.* (quoting *Ingram,* 866 F.2d at 370)). In consideration of the District Court's findings and analysis, its declination of jurisdiction over this matter is appropriate and necessary, and due to be affirmed.

### V.   THE DISTRICT COURT RIGHTLY DECLINED GIVING APPELLANTS THE OPPORTUNITY TO REPLEAD BECAUSE DOING SO WOULD HAVE BEEN FUTILE.

Appellants contend, without providing any substantive support for their contention, that the District Court erred when it did not give them the opportunity to replead their claims. (Appellants' Br. at 42-43). It did not err. When a plaintiff is represented by counsel, "the district court need not grant leave to amend 'where the amendment would be futile.'" *Gilbert v. Daniels*, 624 F.App'x 716, 717-718 (11th Cir. 2015) (quoting *Corsello v. Lincare, Inc.,* 428 F.3d 1008, 1014 (11th Cir. 2005)). For a district court's dismissal without an opportunity to amend to be upheld, it must be clear that the district court made a "finding that amendment would be futile." *Gilbert*, 524 F.App'x. at 718; *see also Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991).

In the present case, the District Court explained the reasoning behind the futility of allowing Appellants to replead their claims: "After careful review, the court concludes that Plaintiffs' Complaint is a shotgun pleading and permitting

repleading would be futile because principles of comity, equity and federalism counsel toward this court abstaining in this controversy." (Appendix at 938). The District Court further found that despite the general principle favoring amendment, three provisions applied wherein it was justified in declining the opportunity to amend: "(1) there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by previous amendments; (2) allowing amendment would cause undue prejudice to the opposing party; or (3) any amendment would be futile. *Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Forman v. Davis,* 371 U.S. 178, 182 (1962)); *see also Hall v. United Ins. Co. of America,* 367 F.3d 1255, 1262-63 (11th Cir. 2004) (noting that although leave to amend "should be freely given," a court may deny leave when amendment would be "futile.")." (*Id*. at 940).

In consideration of the District Court's findings and analysis, its declination of granting Appellants the opportunity to amend their pleadings is due to be affirmed.

### VI. APPELLANTS HAVE ABANDONED THE ISSUE OF WHETHER THE DISTRICT COURT PROPERLY DISMISSED THE CERTAIN APPELLEES UNDER RULE 12(B)(6), AND THOSE DISMISSALS ARE DUE TO BE AFFIRMED.

In its Memorandum Opinion, the District Court recognized that there were multiple pending motions to dismiss that had been filed by numerous defendants. These motions "raise a variety of arguments, some of which are applicable only to

certain Defendants. But, other issues have been raised that apply across the board to all Defendants Motions," namely the abstention doctrines addressed above. (Appendix at 935). In a separate order, the District Court then granted each of the pending motions to dismiss, "[i]n accordance with the accompanying Memorandum Opinion." (*Id.* at 953). While the District Court did not specifically address the arguments of Appellees' Rule 12(b)(6) Motions to Dismiss, it nonetheless granted the motions and dismissed all the claims against these Appellees. (*Id.*).

To the extent that this Court finds Appellees' Motions to Dismiss well-grounded in law and fact, it may affirm the granting of the Motions to Dismiss and subsequent dismissal of all claims against these Appellees on any ground. The Court need not affirm the District Court only for those reasons addressed by that Court. "[T]his Court may affirm the judgment of the district court on any ground supported by the record, regardless of whether that ground was relied upon or even considered by the district court." *Kernel Recs. Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012) (citing *Krutzig v. Pulte Home Corp.,* 602 F.3d 1231, 1234 (11th Cir. 2010) ("This court may affirm a decision of the district court on any ground supported by the record."); *Thomas v. Cooper Lighting, Inc.,* 506 F.3d 1361, 1364 (11th Cir. 2007) ("We may affirm the district court's judgment on any ground that

appears in the record, whether or not that ground was relied upon or even considered by the court below.")).

To that end, Appellants have abandoned the issue of whether the District Court properly dismissed these Appellees under Rule 12(b)(6), and those dismissals are due to be affirmed on any ground supported by the record. *Id*. In their Statement of the Argument, Appellants contend, "This case is about whether a District Court may grant a motion pursuant to Rule 12(b)(6) prior to all Defendants being served that was never set for a briefing scheduling…." (Appellant's Br., p. 9). Appellants further state that they will argue, "On the merits, the District Court improperly granted some of the Defendants' Rule 12(b)(6) motions and applied it to all Appellees in a conclusory fashion although not all Appellees asked for the case to be dismissed." (*Id*.). Appellants go on to make further summary statements about the District Court's granting of certain motions to dismiss under Rule 12(b)(6). (*Id*. at 9-10). In their Summary of the Argument, Appellants do not provide any citations or support for their positions. (*Id*.).

Despite their Statement of the Argument, Appellants never developed any argument that would controvert or give this Court cause to overturn the granting by the District Court of these Appellees' motions to dismiss under Rule 12(b)(6). Appellants' only argument concerning the Rule 12(b)(6) motions and the granting thereof consists of three sentences concerning the service of two additional

defendants. (Appellant's Br. at p. 45). Appellants make these statements without any citations or legal support. (*Id.*). Appellants fail to address in any manner the dismissal under Rule 12(b)(6) of their Complaint by the District Court as it pertains to these Crittenden-Related Appellees.

In their Motion to Dismiss, these Appellees argued that every single claim alleged against them was due to be dismissed under Federal Rule of Civil Procedure 12(b)(6):

> Appellees Kirk Drennan, P.C., Jessica Kirk Drennan, and Amanda Rucks Duncan [Appendix at 315] – Count I (Deprivation of Rights under Color of State Law); Count II (RICO); Count III (RICO Conspiracy); Count IV (Civil Conspiracy); Count V (Abuse of Process); Count VI (Fraud); Count IX (False Imprisonment against Duncan and Kirk Drennan with regard to J.K.D., L.W.D., and R.E.D.); Count XI (False Imprisonment against Drennan and Kirk Drennan with regard to J.K.D. and L.W.D.); Count XIII (Invasion of Privacy); Count XVII (Alabama Litigation Accountability Act); and Count XXI (Defamation)

Thirty years of Eleventh Circuit caselaw make clear that "issues not raised in the initial brief on appeal are deemed abandoned." *United States v. Campbell*, 26 F.4th 860, 871 (11th Cir. 2022) (citing *United States v. Levy*, 379 F.3d 1241, 1242-45 (11th Cir. 2004)); *see also United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) ("Under our caselaw, a party seeking to raise a claim or issue on appeal must plainly and prominently so indicate. Otherwise, the issue—even if properly preserved at trial—will be considered abandoned."). Absent

"extraordinary circumstances," Appellant is deemed to have forfeited any such issues and the appellate court may not raise them *sua sponte*. *Id*. at 873.

For purposes of avoiding abandonment and forfeiture of an issue, it is not sufficient that an appellant make a passing reference to it or identify it in their Statement of the Argument. *See Singh*, 561 F.3d at 1278; (per curiam) ("[S]imply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal."); *Kelliher v. Veneman*, 313 F.3d 1270, 1274 n. 3 (11th Cir. 2002) (stating that because the appellant "only mentioned his EEOC retaliation claim in the summary of the argument in his initial brief" and "made no arguments on the merits as to this issue, the issue is deemed waived"); *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n. 6 (11th Cir. 1989) (stating that passing references are insufficient to raise issues for appeal and such issues are deemed abandoned).

Additionally, an appellant's failure to make arguments and cite to authorities in support of an issue waives the issue. *See Singh*, 561 F.3d at 1278; Fed.R.App.P. 28(a)(9)(A). When an appellant simply states that an issue exists, as Appellant has done here concerning the District Court's granting of certain parties' Rule 12(b)(6) Motions to Dismiss, without further argument of discussion, this constitutes abandonment of the issue and produces the appellate court from considering the issue on appeal. *Id*. (citing *Rowe v. Schreiber*, 139 F.3d 1381, 1382 n. 1 (11th Cir.

1998)). "In short, any issue 'an appellant wants the Court to address should be specifically and clearly identified in the brief.'" *Williamson v. Alabama Dep't of Mental Health & Mental Retardation*, No. 21-13274, 2023 WL 5287873, at *2 (11th Cir. Aug. 17, 2023) (quoting *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004)).

For these reasons, Appellants have abandoned the issue of the District Court order granting the certain Appellees' Rule 12(b)(6) Motions to Dismiss and dismissals of those claims against those parties are due to be affirmed. (Appendix at 953). The result for these Appellees is that the ultimate outcome of the abstention issues is of no consequence to these Appellees because all of the claims against them have been dismissed, and Appellants have abandoned their opportunity to appeal the issue.

## **CONCLUSION**

For all of the foregoing reasons, the District Court correctly applied the *Rooker-Feldman*, *Younger*, and *Colorado River* abstentions doctrines and correctly abstained from the case under the domestic relations exception to federal jurisdiction. As such, it rightly dismissed Appellants' claims and granted the Motions to Dismiss filed by these Appellees. The District Court's dismissal is due to be affirmed for all the reasons set forth in its Memorandum Opinion and in this Brief by these Appellees.

Date: March 8, 2024.

<div style="margin-left: 40%;">

/s/ Joseph H. Driver
Joseph H. Driver (ASB-4317-R52J)
Melisa C. Zwilling (ASB-5026-R71M)
David L. McAlister (ASB-0399-A49D)
*Attorneys for Appellees Kirk Drennan, P.C., Jessica Kirk Drennan, and Amanda Ruck Duncan*

</div>

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35126
Telephone: (205) 822-2006
Facsimile: (205) 822-2057
jdriver@carrallison.com
mzwilling@carrallison.com
dmcalister@carrallison.com

<div style="margin-left: 40%;">

/s/ Robert P. MacKenzie, III
Robert P. MacKenzie, III (ASB-8232-A50R)
Averie Armstead Jones (ASB-3698-D00R)
*Attorneys for Appellees Kirk Drennan, P.C., Jessica Kirk Drennan, and Amanda Ruck Duncan*

</div>

**OF COUNSEL:**

**STARNES DAVIS FLORIE LLP**
100 Brookwood Place, 7th Floor
Birmingham, Alabama 35209
Telephone: (205) 868-6000
Fax: (205) 868-6099
bmackenzie@starneslaw.com
aarmstead@starneslaw.com

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the word limit set forth in Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure, excluding the parts of the documents exempted under Rule 32(f). The document contains 7,632 words according to Microsoft Word's word count function. The document further complies with the typeface and type-style requirements of Rule 32(a) of the Federal Rules of Appellate Procedure.

Date: March 8, 2024

/s/ Joseph H. Driver
Joseph H. Driver
*Counsel for Appellees Kirk Drennan, P.C.,*
*Jessica Kirk Drennan, and Amanda Ruck*
*Duncan*

## CERTIFICATE OF SERVICE

I certify that on March 8, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. Counsel for all parties, who are registered CM/ECF users, will be served with the foregoing document by the Court's CM/ECF System.

*/s/ Joseph H. Driver*
Joseph H. Driver
*Counsel for Appellees Kirk Drennan, P.C., Jessica Kirk Drennan, and Amanda Ruck Duncan*