# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

**DEATON ET. AL.,**
**PLAINTIFFS / APPELLANTS,**

**V.**

**CHAPPELL ET. AL.,**
**DEFENDANTS / APPELLEES.**

On Appeal from the United States District Court for the
Northern District of Alabama, Southern Division,
No. 2:23-cv-00713-RDP

## APPELLANT'S CONSOLIDATED REPLY BRIEF

Scott Tindle
TINDLE FIRM
3705 Old Shell Rd,
Mobile, AL 36608
scott@tindlefirm.com

*Counsel for Appellants*

Pursuant to 11th Cir. R. 26.1, Appellant hereby certifies that the following is a complete list of the trial judges, attorneys, persons, associations of persons, firms, partnerships, corporations, and other legal entities that have an interest in the outcome of this particular case on appeal:

Alan D. Blotcky Ph.D. LLC (Defendant)

Armstead, Averie (Counsel for Jessica Kirk Drennan, Amanda Duncan, Kirk.Drennan P.C., and Bay Area Christian Counseling)

Balch & Bingham (Counsel for Marcus Jones)

Bainbridge Mims Rogers & Smith LLP (Counsel for Bay Area Christian Counseling)

Bay Area Christian Counseling (Defendant)

Beeman Law Firm (Counsel for Everett Wess and The Wess Law Firm, P.C.)

Beeman III, Robert L. (Counsel for Everett Wess and The Wess Law Firm, P.C.)

Benton, Centeno & Morris, LLP (Counsel for Compton Wilson, Renee Wilson, Erika Goldman and Southern Maryland Dredging, Inc.)

Blotcky, Alan (Defendant)

Bolvig, C. Peter (Counsel for Alan Blocky)

Brantley, Clotele (Defendant)

Brantley, Madison (Defendant)

Buck Jr., Thomas Winchester H. (Counsel for Hope for Healing, LLC)

Bullock, Susan W. (Counsel for St. Anne's School of Annapolis Incorporated, Connie Coker and Andrea Weiss)

Caroline O. Taylor P.C. (Defendant)

Carr Allison (Counsel for Jessica Kirk Drennan, Amanda Duncan and Kirk.Drennan P.C.)

Cash, Stan (Counsel for Marcus Jones)

Centeno, Douglas (Counsel for Compton Wilson, Renee Wilson, Erika Goldman and Southern Maryland Dredging, Inc.)

Chappell, Agnes (Defendant)

Clark, Jay (Defendant)

Clark May Price Lawley Duncan & Paul, LLC (Counsel for Deegan Malone)

CPE Clinic LLC (Defendant)

Coker, Connie (Defendant)

Crew, Wendy (Defendant)

Crew Gentle Law P.C. (Defendant)

Crew Law Group (Defendant)

Crittenden, Judith (Defendant)

Dagney Johnson Law Group, LLC (Counsel for Clotele Brantley and Hardy Law Firm)

Dana, John G. (Counsel for Caroline Taylor and Caroline O. Taylor, P.C.)

Davidson, Kim (Defendant)

Deaton, D. (Appellant)

Dominick Feld Hyde, P.C. (Counsel Wendy Crew, Christina Vineyard, Crew

Gentle Law P.C., and Crew Law Group)

Drennan, Jessica Kirk (Defendant)

Driver, Joseph H. (Counsel for Jessica Kirk Drennan, Amanda Duncan and Kirk.Drennan P.C.)

Dukes, Carter H. (Counsel for Michael Labellarte and CPE Clinic LLC)

Duncan, Amanda (Defendant)

Elkins, Cameron Wayne (Counsel for Patricia Stephens, Alisha Ruffin May, Madison Brantley and Agnes Chappell)

Fann, Heather (Defendant)

Feldman, Christian C. (Counsel for Michael Labellarte and CPE Clinic LLC)

Felming III, William Mellor Bains (Counsel for Dale Maynard)

Flachsbart, Elizabeth (Counsel for Marcus Jones)

Ford Harrison (Counsel for St. Anne's School of Annapolis Incorporated, Connie Coker and Andrea Weiss)

Gilliland, Scott (Counsel for Kim Davidson and Kim Davidson Law Office, LLC)

G.M.W. (Appellant)

Goldman, Erika (Defendant)

Gordon, Dana & Gilmore, LLC (Counsel for Caroline Taylor and Caroline O. Taylor, P.C.)

Gordon Rees Scully Mansukhani, LLP (Counsel for Defendants, Paige Yarbrough, Deborah Gregory, Laura Montgomery Lee, Judith Crittenden and Crittenden Partners, P.C.)

Gregory, Deborah (Defendant)

Hall Booth Smith P.C. (Counsel for Caroline Taylor, Caroline O. Taylor, P.C. and Alan Blotcky)

Hope for Healing LLC (Defendant)

Huie Fernambucq & Stewart, P.C. (Counsel for Thomas McKnight, Jr., Jay Clark, Gary Lee and Wallace Jordan Ratliff and Brandt, LLC)

Irwin III, P. Anthony (Counsel for Deegan Malone)

J.K.D. (Appellant)

Johnson, Dagney (Counsel for Clotele Brantley and Hardy Law Firm)

Jones, Marcus (Defendant)

Kellner, David (Defendant)

Kim Davidson Law Office LLC (Defendant)

Kirk.Drennan P.C. (Defendant)

Labellarte, Michael (Defendant)

Langrall, Craig (Defendant)

Law Office of Scott Gilliland (Counsel for Kim Davidson and Kim Davidson Law Office, LLC)

Lee, Laura Montgomery (Defendant)

Lee, Gary (Defendant)

L.W.D. (Appellant)

Mackenzie, Robert P. (Counsel for Jessica Kirk Drennan, Amanda Duncan, Kirk.Drennan P.C., and Bay Area Christian Counseling)

Malone, Deegan (Defendant)

Mashburn, Robert Eric (Defendant)

May, Alisha Ruffin (Defendant)

Maynard, Dale (Defendant)

Maynard Nexsen (Counsel for Hope for Healing, LLC)

McAlister, David L. (Counsel for Jessica Kirk Drennan, Amanda Duncan and

Kirk.Drennan P.C.)

McKnight Jr., Thomas (Defendant)

Miller, Terri (Defendant)

Moon, Stacy (Counsel for Defendants, Paige Yarbrough, Deborah Gregory, Laura Montgomery Lee, Judith Crittenden and Crittenden Partners, P.C.)

Norman Wood Kendrick & Turner (Counsel for Dale Maynard)

Office of the Attorney General of Alabama (Counsel for Patricia Stephens, Alisha Ruffin May, Madison Brantley and Agnes Chappell)

Paul, Eris Bryan (Counsel for Deegan Malone)

Peake, T. (Appellant)

Proctor, Hon. R. David (Trial Judge)

Ragsdale, Barry A. (Counsel Wendy Crew, Christina Vineyard, Crew Gentle Law P.C., and Crew Law Group)

R.E.D. (Appellant)

Redmond, Wesley (Counsel for St. Anne's School of Annapolis Incorporated, Connie Coker and Andrea Weiss)

Ritcher, Jeremy (Counsel for Defendants, Paige Yarbrough, Deborah Gregory, Laura Montgomery Lee, Judith Crittenden and Crittenden Partners, P.C.)

Rogers, Bruce (Counsel for Heather Fann)

Ronnlund, Robert M. (Counsel for Terri Miller)

Scott Dukes & Geisler, P.C. (Counsel for Michael Labellarte and CPE Clinic LLC)

Scott Sullivan Streetman & Fox, P.C. (Counsel for Terri Miller)

Segers, Jennifer D. (Counsel for Thomas McKnight, Jr., Jay Clark, Gary Lee and Wallace Jordan Ratliff and Brandt, LLC)

Solace Family Counseling LLC (Defendant)

Southern Maryland Dredging Inc. (Defendant)

St. Anne's School of Annapolis Incorporated (Defendant)

Starnes Davis Florie, LLP (Counsel for Jessica Kirk Drennan, Amanda Duncan, Kirk Drennan P.C., and Bay Area Christian Counseling)

Stott & Harrington, P.C. (Counsel for Defendants, Wendy Crew, Christina Vineyard, Crew Gentle Law, P.C., and Crew Law Group)

Stott, Joseph F. (Counsel for Defendants, Wendy Crew, Christina Vineyard, and Crew Gentle Law, P.C., and Crew Law Group)

Stephens, Patricia (Defendant)

Taylor, Caroline (Defendant)

Terenzi, Elizabeth Nicholson (Counsel for Heather Fann)

The Crittenden Firm P.C. (Defendant)

The Hardy Law Firm LLC (Defendant)

The Wess Law Firm P.C. (Defendant)

Tindle Firm, LLC (Counsel for Appellants)

Tindle, Scott L. (Counsel for Appellants)

Vance III, Robert Smith (Counsel Wendy Crew, Christina Vineyard, Crew Gentle Law P.C., and Crew Law Group)

Vineyard, Christina (Defendant)

Wallace Jordan Ratliff & Brandt LLC (Defendant)

Weiss, Andrea (Defendant)

Wells Jr., Huey Thomas (Counsel for Hope for Healing, LLC)

Wess, Everett (Defendant)

Williams, Carl (Counsel for Caroline Taylor and Caroline O. Taylor, P.C.)

Wilmer & Lee, P.A. (Counsel for David Kellner and Solace Family Counseling LLC)

Wilson, Renee (Defendant)

Wilson, Compton (Defendant)

Wood Jr., Robert V. (Counsel for David Kellner and Solace Family Counseling LLC)

Wyatt, Carolyn (Defendant)

Wyatt, Gary (Defendant)

Yarbrough, Paige (Defendant)

Zwilling, Melisa (Counsel for Jessica Kirk Drennan, Amanda Duncan and Kirk.Drennan P.C.)

Under 11th Cir. R. 26.1-3(b), Appellants state that no publicly traded company or corporation has an interest in the outcome of the case or appeal.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ..................................................... i

TABLE OF CONTENTS............................................................................ x

TABLE OF AUTHORITIES........................................................................ xi

INTRODUCTION .................................................................................. 1

ARGUMENT ...................................................................................... 4

    I.    Appellants' Complaint seeks monetary damages for constitutional rights violations and does not apply to any abstention doctrine. ...................................................................................... 4

    II.    Appellees' Cases Do Not Advance Their Position and Instead Support Appellants' Position. ...................................................... 10

        A.    Appellees cannot rewrite the Complaint to fit their alternative narrative on abstention doctrine before this Court. ............... 11

        B.    B. The District Court dismissed this case on grounds of abstention without notice or the opportunity to replead. ........................................................................ 13

    III.    The District Court Clearly Did Not Rule on the Merits of the 12(b)(6) Motions Pursuant to the Memorandum Opinion. ........................... 16

CONCLUSION ................................................................................... 18

CERTIFICATE OF COMPLIANCE ............................................................... 20

CERTIFICATE OF SERVICE ..................................................................... 21

# TABLE OF AUTHORITIES

**Cases Pages(s)**

*31 Foster Children v. Bush,*
    329 F.3d 1255, 1278 (11th Cir. 2003) ....................................................... 13

*Alliant Tax Credit 31, Inc v. Murphy,*
    924 F.3d 1134, 1146 (11th Cir. 2019) ....................................................... 11

*Baumann v. Savers Federal Sav. & Loan Ass'n,*
    934 F.2d 1506, 1512 (11th Cir.1991) ....................................................... 18

*Boudette v. Oskerson,*
    No. 22-36003, 2024 WL 1342613,  (9th Cir. Mar. 29, 2024) ...................... 9

*Bryant v. Chupack,*
    93 F.4th 1029, 1032 (7th Cir. 2024) .......................................................... 9

*Byrne v. Nezhat,*
    261 F.3d 1075, 1128-33 (11th Cir. 2001) .................................................. 14

*District of Columbia Court of Appeals v. Feldman,*
    460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) ......... 6, 7, 8, 9, 10,

*Doby v. Strength,*
    758 F.2d 1405, 1405-06 (11th Cir. 1985) ........................................... 10, 16

*Est. of Bass v. Regions Bank, Inc.,*
    947 F.3d at 1358 (11th Cir. 2020) .......................................................10, 16

*Exxon Mobil Corp. v. Saudi Basic Industries Corp,*
    544 U.S. 280 (2005) .................................................................................... 9

*Fouts v. Warren City Council,*
    97 F.4th 459, 463–64 (6th Cir. 2024) ...................................................... 7, 8

*GASH Assocs. v. Rosemont,*
    995 F.2d 726, 728 (CA7 1993) ................................................................ 7, 8

*Gilbert v. Daniels,*
No. 14-14032, 2 (11th Cir. 2015) .................................................. 7, 8, 14, 15

*HSBC Bank USA, N.A. v. Townsend,*
793 F.3d 771 (7th Cir. 2015) ........................................................ 9

*In re Dorand,*
95 F.4th 1355, 1362 (11th Cir. 2024) ........................................... 9

*Johnson v. De Grandy,*
512 U.S. 997 (1994) .................................................................. 7, 8

*Lance v. Dennis,*
546 U.S. 459 (2006) .................................................................. 7, 8

*McKissick v. Busby,*
936 F.2d 520, 522 (11th Cir. 1991) ............................................. 17

*MSP Recovery Claims, Series LLC v. Metro. Gen. Ins. Co,*
40 F.4th 1295, 1306 (11th Cir. 2022 ........................................... 17

*Nicholson v. Shafe,*
558 F.3d 1266, 1279 (11th Cir. 2009) ……................................. 18

*Nyland v. Moore,*
216 F.3d 1264, 1267 (11th Cir. 2000) ......................................... 17

*Rockett as next friend of K.R. V. Eighmy,*
*71 F.4th 665 (8th Cir. 2023)* ....................................................... 10

*Rooker v. Fidelity Trust Co.,*
263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) ...................... 6, 7, 8, 9, 10

*Rowell v. Oesterle,*
626 F.2d 437 (5th Cir. Unit B 1980) ........................................... 39

*Shemika D. Mitchell, V. Durham Enterprises, Inc.,*
Ms. No. 22-1983, -- F4th --, 2024 WL 1756003, at *4–5 (7th Cir. Apr. 24, 2024) ........................................................................................ 7

*Sprint Commun., Inc. v. Jacobs,*
        571 U.S. 69, 73 (2013) ................................................................. 13

*Tazoe v. Airbus S.A.S.,*
        631 F.3d 1321, 1336 (11th Cir. 2011) ....................................... 14

*Timson v. Sampson,*
        518 F.3d 870, 872 (11th Cir. 2008) ........................................... 15

*White v. Schmidt,*
        Ms. No. 22-1267, -- F. 3d --, 2024 WL 1266245, at *3 (2d Cir. Mar. 26,
        2024) ............................................................................................. 8

*Younger v. Harris,*
        *401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)* ..................... 11

**Statutes**

28 U.S.C. § 1291 ............................................................................... 9

28 U.S.C. § 1651 (All Writs Act) .................................................... 5

42 U.S.C. § 1988 ............................................................................. 12

**Other Authorities**

Federal Rules of Civil Procedure Rule 8(a) .................................... 15

Federal Rules of Civil Procedure Rule 10(b) .................................. 15

Federal Rules of Civil Procedure Rule 12(e) ................................... 14

Federal Rules of Civil Procedure Rule 12(b)(6) .............................. 17

Federal Rules of Civil Procedure Rule 15 ............................... 1, 16, 17

Federal Rules of Civil Procedure Rule 28(j) ..................................... 6

# **INTRODUCTION**

This appeal regards the District Court's abstention for a complaint seeking monetary damages for constitutional rights violations, refusing any repleading from Appellants before all defendants were served against Fed. R. Civ. P. Rule 15, and the District Court's grant of certain motions to dismiss, broadly applying it to all defendants, after directing the parties not to brief the issues raised in the motions to dismiss until all Defendants were served and a brief schedule was set. (Appendix Vol. 1 doc. 62 p. 2 at 5)

Appellees' argument before this Court does not apply to the legal authority they raise, so Appellees attempt to rewrite the Complaint to fit their narrative. Appellees attempt to argue all 900 paragraphs arise out of ongoing domestic relations actions, but the Complaint itself repeatedly disproves this assertion. (see for example Appendix Vol. 3, doc 180-1 ¶141, ¶149-154, ¶226-228, ¶235, ¶237, ¶256-257, ¶266-268, ¶272, ¶340-342, ¶401-413, ¶446-455, ¶487-488, ¶510-511, ¶567-568, ¶587-591) The constitutional rights violations occurred during and outside of the litigation process. (Appellant's Br. at 3, 15; Appendix Vol. 3, doc.180-1 ¶23, ¶24, ¶26, ¶27, ¶28, ¶29, ¶30, ¶31, ¶32, ¶33, ¶34, ¶35, ¶36, ¶47, ¶48, ¶49, ¶56, ¶57, ¶839, ¶846, ¶853, ¶877) For example, Defendant Drennan appeared at some of

the Appellant minor children's childcare center, causing the school to go into lockdown, following Defendant Drennan's actions[1].

Defendants in this case are not defendants in any parallel or similar action where the same relief could be sought in any Court with competing jurisdiction. None of the defendants in this case are parties to Appellants' state court domestic relations cases. The ex-spouses of the Appellants are not party to this case and therefore a District Court could not enter an order against a non-party for relief that is not sought. The nature of the Complaint is that the defendants worked together outside of the proper litigation process to cause these constitutional rights violations. Confusingly, Appellees attempt to argue, in a broad-brush fashion, that Appellants are state court losers with concluded cases _and_ that Appellees' state court cases are still pending therefore any action by the District Court would interfere with state court orders— both cannot be true. Defendants to this action are not and have never been parties to the domestic relations cases. Appellants expressly do not seek reversal of state court orders and do not seek child custody orders from the District

---

[1] Attorney Drennan's actions were severe enough that school officials acted to ensure all minor children were safe in rooms away from Attorney Drennan's screaming demands. Upon information and belief, on August 27, 2019, Attorney Drennan was screaming and waving "paperwork" in the face of the preschool's Executive Director attempting to the bully their staff into her demands. (Appendix Vol 3, doc.180-1 at ¶149-150)

Court. The Complaint seeks monetary damages for constitutional rights violations and does not apply to any abstention doctrine.

After succeeding before the District Court on grounds of abstention, (Appendix Vol 5, doc. 206 p. 4 at 2) Appellees attempt to wholly abandon their argument and standard of review before the District Court wherein they argued a court must review only the four corners of the Complaint in the light most favorable to the plaintiffs. (See as examples Appendix Vol. 1 doc. 67 p. 3 at B, Appendix Vol. 2 doc. 158 p. 6 para 2, Appendix Vol. 2 doc. 163 p. 8 para. 2, Appendix Vol. 2 doc. 166 p. 4 at II, and Appendix Vol. 3 doc. 169 p. 2 at II, Appendix Vol. 4 doc. 180-16 p. 3, Appendix Vol. 4 doc. 180-23 p. 3 at II) In their response brief, Appellees present a different standard of review, contrary to their arguments for the District Court. (Appendix Vol. 3 doc. 180-16 p.2 at 2) Appellees are judicially estopped from making contrary arguments now. Not all Defendants filed a motion to dismiss before the District Court, certain defendants answered the complaint[2], and six defendants did not file a brief before this Court.[3]

Appellees attempt to distract from the central issue on appeal and instead focus on whether the District Court *intended* to rule on the merits of the motions to

---

[2] Defendants Craig Langrall, Robert Eric Mashburn, Carolyn Wyatt and Gary Wyatt answered the Complaint.

[3] Defendants Craig Langrall, Robert Eric Mashburn, Carolyn Wyatt, Gary Wyatt, Clotele Brantley and The Hardy Law Firm LLC did not provide a brief before this Court.

dismiss after expressly directing he was abstaining, not reaching the merits of the case and directed the Appellants that any repleading would be futile. This issue is irrelevant because the District Court never heard the merits of the motions to dismiss and instead improperly abstained from the case. The District Court directed the parties not to brief the motions to dismiss and stated he would "set a briefing schedule once all parties had been served … that will preserve each party's rights". (Appendix Vol 1, doc. 62 p. 2 at 5) Then, the District Court abstained prior to ever setting a briefing schedule or hearing the motions to dismiss. Appellees go further and ask this Court to reach the merits of the motions to dismiss that were never briefed or heard before the District Court. The District Court's grant of certain motions to dismiss was clearly limited only to the grounds of abstention per the Memorandum Opinion. (Appendix Vol 5, doc. 206 p. 4 at 2)

## ARGUMENT

I.  <u>Appellants' Complaint seeks monetary damages for constitutional rights violations and does not apply to any abstention doctrine.</u>

Appellees attempt to argue that the Complaint seeking monetary damages for constitutional rights violations is somehow an improper appeal by a different name. There is no way to interpret Appellants' claims, or the relief sought, as seeking a child custody order. Appellees acknowledge that Appellants have consistently stated they do not seek to overturn state court orders in their Complaint. The ex-spouses of

the Appellants are not party to this case and therefore a District Court could not enter an order against a non-party for relief that is not sought.

Appellants' domestic relations cases have yet to obtain a final ruling from the appeals court:

> Plaintiff T. Peake's custody case was pending on appeal at the time this action was filed, and Plaintiff D. Deaton's custody case has yet to complete the trial on the merits of the modification action. Therefore, neither of the underlying state court actions have yet to obtain a final ruling from the state's highest court on the merits.

Appellant's Br. p.18 at 2

Using the plain language of the Complaint, Appellees cannot make an argument that the application of any abstention doctrine applies. Instead, Appellees attempt to rely, throughout their brief (see Yarbrough et al Br. p.10 at 1 and Crew et al Br. p.10 at 1), on a motion—outside of the four corners of the complaint—pursuant to the All Writs Act filed by the Appellants that was dismissed, never refiled or briefed, and was not before the District Court at the time of abstention, to attempt to justify the District Court's Memorandum Opinion. (Appendix Vol 5 doc. 206)

While this action has been pending on appeal, this Court and other districts have entered further opinions showing how this action cannot be barred by abstention and Appellants must be given an option to replead.

*In re Dorand*, 95 F.4th 1355, 1362 (11th Cir. 2024) (issued March 14, 2024)[4], this Court recently affirmed that the *Rooker-Feldman* doctrine does not apply unless a party asks to overturn a state court judgment. It is an undisputed fact that Appellants' Complaint expressly does not request to overturn a state court judgment. (See complaint in appendix and appellees' brief at Y). *In re Dorand*, 95 F.4th 1355, 1362 (11th Cir. 2024) (issued March 14, 2024), the bankruptcy court's ruling did not implicate *Rooker-Feldman*. Neither party asked the bankruptcy court to "modify" or "overturn" the Alabama judgment. Instead, the parties disputed the *effect* of the judgment. The creditors argued that the judgment extinguished Dorand's interest in the retirement account, and Dorand responded that the judgment did not terminate his interest. But those arguments about the effect of the Alabama judgment are not invitations to overrule it.

During this pending action, multiple other circuits, have also held that federal defendants, who are not parties to the state court litigation and absent from the judgment, cannot ask the Court to invoke the *Rooker-Feldman* doctrine.

As the Seventh Circuit explains, in keeping with the doctrine's rationale and narrow application, the Supreme Court has held that *Rooker–Feldman* does not

---

[4] The recent opinion in *Dorand*, including this opinion by this Court, and the recent opinions of other circuits listed below are respectfully offered to this Court to bolster Appellants' argument on appeal or in the alternative offered pursuant to Fed. R. App. Rule 28(j).

apply "where the party against whom the doctrine is invoked was not a party to the underlying state-court proceeding." *Lance*, 546 U.S. at 464. A federal litigant who was absent from the underlying litigation and judgment in state court is "in no position to ask [the Supreme Court] to review the state court's judgment" but instead is "merely seek[ing] to litigate its . . . case for the first time" in federal court. *De Grandy*, 512 U.S. at 1006.

Because Ohio Security was not a party to the Harris litigation in state court and is not a party to the state-court judgment against Durham, *Rooker–Feldman* cannot be invoked against it. *Shemika D. Mitchell, V. Durham Enterprises, Inc.*, Ms. No. 22-1983, -- F4th --, 2024 WL 1756003, at *4–5 (7th Cir. Apr. 24, 2024)

The Sixth Circuit also ruled on a case similarly situated to this action while it has been pending on appeal. In *Fouts v. Warren City Council*, 97 F.4th 459, 463–64 (6th Cir. 2024), the *Fouts* Complaint, at points, took issue with the Michigan Court of Appeals' decision, as the district court correctly noted, the ultimate source of Fouts' injury in this federal action was not the state court judgment, but Defendant's initial proposal of the term-limit amendment and subsequent application of the term-limit amendment to include Fouts' prior terms as mayor.

As in this case, wherein the Complaint, at points, takes issues with the state court's actions, the ultimate source of Appellants' injury in this federal action was

not the state court judgment (or lack thereof), but the federal defendants' actions outside of the litigation to prolong these cases and thereby increase legal fees, including to coordinate with third parties or inject themselves into the everyday lives of the minor children—such as appearing at the minor children's schools (Appendix Vol 3, ¶149-154) and directing the actions of the minor children's counselors (Appendix Vol 3, ¶587-591). As in *Fouts*, because this constitution challenge would not require a review or a rejection of the state court's judgment interpreting the term-limit amendment, the district court correctly applied the *Rooker-Feldman* doctrine and found that it did not bar jurisdiction over Fouts' claims.

The Second Circuit recently held:

> The application of *Rooker-Feldman* here was improper because the criminal restitution judgment was not final at the time the federal lawsuit commenced. In *Hunter v. McMahon*, 75 F.4th 62, 65, 67, 70–71 (2d Cir. 2023), this Court concluded that the *Rooker-Feldman* doctrine could not apply when an appeal remains pending in state court at the time a complaint is filed, because *Rooker-Feldman* applies only after state-court proceedings have "ended." Because White's criminal appeal remains pending, the relevant state court proceeding had not concluded before White filed his complaint. Accordingly, the district court erred by dismissing the complaint based on *Rooker-Feldman.*

*White v. Schmidt*, Ms. No. 22-1267, -- F. 3d --, 2024 WL 1266245, at *3 (2d Cir. Mar. 26, 2024) (affirming on other grounds)

Similarly, the Seventh Circuit recently held:

> *"Exxon Mobil* tells us that parallel state and federal litigation is proper as long as the state suit remains pending and that the *Rooker-Feldman* doctrine applies only when a loser in state court files a federal

suit seeking review and rejection of the state court's judgment." 544 U.S. at 291-94, 125 S.Ct. 1517. "Our plaintiffs had lost a battle in state court but had not yet lost the war. Foreclosure litigation in Illinois continues until the collateral is sold, the judge confirms the sale, and the court either enters a deficiency judgment or distributes the surplus." We held in *HSBC Bank USA, N.A. v. Townsend*, 793 F.3d 771 (7th Cir. 2015), that a ruling of foreclosure in private civil litigation in Illinois is not "final" for the purpose of appeal under 28 U.S.C. § 1291 until the sale, confirmation, and post-confirmation judgments have occurred. It is hard to see why a court should determine finality differently for purposes of *Exxon Mobil.*

The district court called the foreclosure decision "effectively final". 2022 WL 17251283, at *1–2, 2022 U.S. Dist. LEXIS 213501 at *5 . It did not cite *HSBC Bank v. Townsend*, likely because the parties had not cited that case in the district court. But because the *Rooker-Feldman* doctrine concerns subject-matter jurisdiction, legal arguments cannot be waived or forfeited. We must apply the doctrine correctly no matter how poorly the issues were briefed in the district court.

Parallel state and federal litigation is possible because the underlying dispute—who owns the notes and mortgages?—predates the state litigation and can be resolved independently of it. *See Exxon Mobil*, 544 U.S. at 293, 125 S.Ct. 1517: "If a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party ..., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.' *GASH Assocs. v. Rosemont*, 995 F.2d 726, 728 (CA7 1993)".

*Bryant v. Chupack*, 93 F.4th 1029, 1032 (7th Cir. 2024) (dismissal affirmed, as modified, on other grounds)

The domestic relations cases of the Appellants were not final when this action was brought and still remain pending on appeal. *Rooker Feldman* cannot apply. The ex-spouses are not parties to the federal action, custody is not at issue for the federal court, and Appellants expressly do not seek to overturn state court judgments.

The only recent opinion in any circuit the undersigned could find while this appeals action was pending that held *Rooker-Feldman* applied was in the Ninth Circuit Court of Appeals in *Boudette v. Oskerson*, No. 22-36003, 2024 WL 1342613, (9th Cir. Mar. 29, 2024). In *Boudette* 2024 WL 1342613, (9th Cir. Mar. 29, 2024), the husband sued his ex-wife and her attorney in federal court alleging his injuries were from state court judgments entered against him. No such facts exist here, as the ex-spouses are not party to the case, and the Appellants do not seek to overturn state court judgments in this action (Appendix Vol 3, doc.180-1 at ¶906).

Similarly situated is the Eighth Circuit case referenced in Appellants' opening brief and previously before the District Court, in *D. Bart Rockett v. The Honorable Eric Eighmy, No. 21-3903* (8th Cir. 2023) the Court held that a state court judge absconding with minor children was properly before the federal district court on the Plaintiff's 1983 claims. The minor children in *D. Bart Rockett v. The Honorable Eric Eighmy, No. 21-3903* (8th Cir. 2023) were before the state court judge/Defendant on a custody case he was hearing. The District Court did not abstain and continued to hear the case on its merits. *(See D. Bart Rockett v. The Honorable Eric Eighmy, No. 21-3903* (8th Cir. 2023)) Similar injuries are described in the Complaint to this action (Appendix Vol 3, doc 180-1 at ¶256-257, ¶149-153 ¶510-511).

II. Appellees' Cases Do Not Advance Their Position and Instead Support Appellants' Position.

**A.    Appellees cannot rewrite the Complaint to fit their alternative narrative on abstention doctrine before this Court.**

Abstention does not and cannot apply to the claims for monetary damages against different parties for claims that have never been raised in state court. Appellees acknowledge *Younger v. Harris* involved a claim for injunctive relief, but argues that *Younger*'s limited application applies more broadly, including to monetary claims. To support their position, they reference cases that do not support their position and actually bolster Appellants' position.

*In Alliant Tax Credit 31, Inc., v. Murphy*, 924 F.3d 1134 (11th Cir. 2019), the ex-spouses were parties in federal court, wherein the plaintiffs moved to set aside transfers of assets pursuant to a divorce settlement agreement, and also parties to their underlying domestic relations cases. In *Alliant,* this Court found that "[t]he less a case is a 'core' domestic relations case, e.g., one for a divorce or a simple child custody dispute, the less discretion the district court has to refuse to exercise its jurisdiction."

Appellees argue this case is closer to a core domestic relations case, wherein the ex-spouses are not parties and alimony, divorce or child custody are not at issue. Appellees *misrepresent* that the Complaint in this case "seeks to have orders involving child custody deemed unconstitutional." (see Yarbrough et al Br. p.10 at 1 and Crew et al Br. p.10 at 1) This is simply not true. The Complaint seeks the

following relief in its entirety and does not reference overturning or interfering with state court judgments:

> A. An order declaring that all Defendants' acts or omissions, described herein, violated the First, Fourth, Ninth, and Fourteenth Amendments to the United States Constitution;
> B. Compensatory damages against all Defendants jointly and severally in their individual capacity in an amount to be determined at trial;
> C. Punitive damages against all Defendants in their individual capacity in an amount to be determined at trial;
> D. Reasonable costs and attorneys' fees, including fees in accordance with 42 U.S.C. § 1988 and any other applicable law;
> E. Pre- and post-judgment interest as allowed by law;
> F. Treble damages against all Defendants in The Enterprise;
> G. That all Defendants be disgorged of all ill-gotten gains, including by not limited to, wages, bribes, kickbacks, salaries, fees, and any other monetary or non- monetary gain as a result of The Enterprise;
> H. Any other relief this Court deems just and proper.

(Appendix Vol 3, doc.180-1 p178-179)

In *Doby v. Strength*, 758 F.2d 1405, 1405-06 (11th Cir. 1985), Doby was convicted of armed robbery and sued the police officers for constitutional rights violations that occurred during an alleged search and seizure. At the time of the Opinion, the conviction was being reviewed by the Georgia Court of Appeals. Doby raised the same constitutional rights at his state court trial, which were currently on appeal at the time of this court's opinion. Since the conviction of armed robbery was materially related to the search and seizure, the same issues were raised in state court against the same individuals (the police officers), this Court found the District Court should abstain *until* the Georgia Court of Appeals rules on the same, relevant issues.

Appellees provide no case to rebut the Supreme Court's holding in *Sprint Commun., Inc. v. Jacobs,* 571 U.S. 69, 73 (2013) narrowing abstention doctrines. Instead, Appellees attempt to rely on a case seeking injunctive relief decided a decade prior to the Supreme Court's decision in *Sprint* which held that the injunction requested in that case involving the same parties "would interfere with the state proceedings in numerous ways". *31 Foster Children v. Bush*, 329 F.3d 1255, 1278 (11th Cir. 2003)

In the Appellants' domestic relations cases, the state court itself has directed that these federal issues will not be heard in state court, and the District Court's current order and opinion is a direct challenge to the state's court prior directive.

> "It will not be tried in state court at all. Okay." *Deaton v. Deaton* DR-2018-901324.03 Tenth Judicial Circuit Court of Alabama Trial Transcript June 8, 2023 at p. 527 9:10)

(Appendix Vol. 5 doc. 221 p. 2 at 4)

### B. The District Court dismissed this case on grounds of abstention without notice or the opportunity to replead.

In this case, there was no notice or intent to dismiss directed or ordered by the District Court prior to the entry of the order of dismissal and related opinion regarding abstention. Instead, the District Court assured the parties that he would set a briefing schedule on the motions to dismiss after all parties were served and would further ensure all parties' legal rights were preserved. (Appendix Vol 1, doc.

62 p. 2 at 5) Then, the District Court abstained prior to all parties being served without any prior notice to the plaintiffs.

A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." *Tazoe v. Airbus S.A.S.,* 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted).

*Boyd v. Georgia*, Civil Action 5:23-cv-52, 2 n.1 (S.D. Ga. Sep. 8, 2023)

It is well settled law of the Eleventh Circuit that Plaintiffs be allowed, at least once, to replead their Complaint for any deficiencies. Appellees relies on *Gilbert v. Daniels*, No. 14-14032, 2 (11th Cir. 2015), but this Court's findings in *Gilbert* bolster Appellants' position and arguments before this Court.

And at no time before dismissing the action did the court advise Gilbert of the deficiencies in his complaint and instruct him to file an amended complaint. Where allegations are vague and ambiguous and the defendants and court must guess at precisely what the claims are, the court should require the plaintiff to replead his claims. *See Byrne v. Nezhat*, 261 F.3d 1075, 1128-33 (11th Cir. 2001); *see also* Fed. R. Civ. P. 12(e) (permitting the court to order repleader); *Gilbert v. Daniels*, No. 14-14032, at 5 (11th Cir. 2015)

"We review *de novo* a district court's grant of a motion to dismiss for failure to state a claim, accepting all factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008)." *Gilbert v. Daniels*, No. 14-14032, 2 (11th Cir. 2015)

In the Memorandum Opinion, the District Court provided no individual analysis to defendants or to the minor children plaintiffs, as they are not parties to the state court custody litigation and did not analyze the relief sought in the Complaint for damages. In their motion to vacate, Appellants agree to amend their Complaint to comply with the District Court's guidance. (Appendix Vol. 5, doc. 221 p. 5 at 1)

Repleading to remedy the incorporation by reference defect would resolve all the issues raised in the District Court's memorandum opinion. (Appendix Vol. 5, doc. 221 p. 5 at 1) The District Court's memorandum opinion references Federal Rules of Civil Procedure Rule 8(a) and Rule 10(b) but does not find that the Plaintiffs did not comply with these rules. However, the Court determined repleading would be futile. It would not.

The District Court finds that the Plaintiffs' Complaint falls into only one of the four categories of shotgun pleadings. (Appendix Vol 5. doc. 206 at p. 5 para. 1), which repleading would resolve. The District Court finds the Eleventh Circuit

strongly encourages repleading, but does not apply its guidance. The Eleventh Circuit strongly encourages "a district court that receives a shotgun pleading [to] strike it and instruct counsel to replead the case—even if the other party does not move the court to strike the pleading." *Est. of Bass*, 947 F.3d at 1358.

Appellants agreed to comply with the District Court's guidance and remove any language that could possibly lead one to the conclusion Plaintiffs are seeking to overturn state judgments, despite the plain language in the Complaint that they do not, in their pursuit of damages for injuries incurred:

> In their pursuit of damages for injuries incurred from constitutional rights violations, Plaintiffs agree to remove any language that could lead to the conclusion that Plaintiffs are seeking to overturn or invalidate state court orders. Accordingly, repleading would cure any jurisdictional concerns of this Court.

(Appendix Vol 5, doc. 221 p. 5 at 1)

The District Court's Order is due to be vacated to ensure Plaintiffs' right to amend their Complaint pursuant to Fed. R. Civ. P. Rule 15 can be exercised, and Plaintiffs have a proper venue to bring their federal claims. Appellees provide no argument or case for why the Appellants do not have a right to replead pursuant to Fed. R. Civ. P. Rule 15 after the District Court granted leave to serve the two remaining defendants, and they were not served at the time of the dismissal.

III. <u>The District Court Clearly Did Not Rule on the Merits of the 12(b)(6) Motions Pursuant to the Memorandum Opinion.</u>

Appellees acknowledge the District Court did not specifically address the arguments of Appellees' Rule 12(b)(6) Motions to Dismiss (see as example Yarbrough et al Br. p.29-30 and Crew et al Br. p.29-30) and further acknowledge the District Court abstained pursuant to the Memorandum Opinion. (see Yarbrough et al Br. p.28-29 and Crew et al Br. p.28-29).

Appellees appear to argue that since the Appellants did not consider an opinion that the District Court did not make, the argument is waived. The District Court *could have* considered any number of issues. However, the issue on appeal before this Court is whether or not it was proper for the District Court to abstain before all parties were served without allowing the plaintiffs the ability to amend pursuant to Fed. R. Civ. P. Rule 15.

Appellees previously argued before the District Court that it may only review the four corners of the Complaint in the light most favorable to plaintiffs. Now, Appellees attempt to change tune and make a contrary argument from their position before the District Court. (see Yarbrough et al Br. p.12-13 and Crew et al Br. p.12 - 13) Appellees prevailed in the District Court on the grounds of abstention and are judicially estopped from making contrary arguments before this Court.

This Court has held: "we generally 'will not consider issues which the district court did not decide.' *McKissick v. Busby*, 936 F.2d 520, 522 (11th Cir. 1991); *accord Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000). Because the

district court did not address these issues, we decline to do so here in the first instance." *MSP Recovery Claims, Series LLC v. Metro. Gen. Ins. Co.*, 40 F.4th 1295, 1306 (11th Cir. 2022) (some citations omitted) (declining to address additional grounds supporting dismissal of case not addressed by the district court).

New argument parties may raise before this Court, that was not addressed or heard in the District Court, is not for an appeals court to decide first. "[W]hile the Appellees raised collateral estoppel, res judicata, and the statute of limitations as defenses and do so again on appeal, the district court did not address them in relation to *Rooker–Feldman*. *See Nicholson v. Shafe,* No. 1:07–CV–2724–BBM, slip op. at 11 n.5, 17–18. We will not address an issue that has not been decided by the trial court. *Baumann v. Savers Federal Sav. & Loan Ass'n,* 934 F.2d 1506, 1512 (11th Cir.1991). We will give the district court the opportunity to consider these arguments in the first instance."

*Nicholson v. Shafe*, 558 F.3d 1266, 1279 at fn 13 (11th Cir. 2009)

## CONCLUSION

For all of the foregoing reasons, Appellants respectfully request this Court to reverse and vacate the order and related opinion of the district court.

Dated: May 1, 2024

Respectfully submitted,

*/s/ Scott L. Tindle*
Scott L. Tindle
TINDLE FIRM
3705 Old Shell Rd,
Mobile, AL 36608
scott@tindlefirm.com
*Counsel for Appellants*

### CERTIFICATE OF COMPLIANCE

This document complies with the word limit of FED. R. APP. P. 32(a)(7)(B) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f), this document contains 4,609 words.

This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6).

Dated: May 1, 2024                     Respectfully submitted,

*/s/ Scott L. Tindle*
*Counsel for Appellants*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. Counsel for all parties that are registered CM/ECF users and will be served with the foregoing document by the Court's CM/ECF System.

Respectfully submitted,

/s/ *Scott L. Tindle*
*Counsel for Appellants*